GUY E. BAINS v. WILLIAM D. PARKER.

No. A-114. Decided May 31, 1944.
Rehearing overruled October 18, 1944.
(182 S. W. 2d Series, 397.)

58

*Kemper, Hicks & Cramer, F. Warren Hicks* and *John G. Cramer,* all of Houston, for petitioner.

The Court of Civil Appeals erred in holding that petitioner did not have a right of way by necessity across the east end of respondent land which petitioner had sold to him. City of Dallas v. Cain, 52 S. W. (2d) 269; Huguley v. White, 102 S. W. (2d) 451; Holman v. Patterson, 78 S. W. 989.

*Albert J. DeLange, Frank A. Stamper,* and *Robt. P. Beman, Jr.,* all of Houston, for respondent.

A mere matter of inconvenience is not sufficient to establish a right to cross one's land, if any way be accessible. Martinez v. Vidaurri, 275 S. W. 999; Neblett v. Sterling Inv. Co., 233 S. W. 604; Hall v. City of Austin, 48 S. W. 53.

MR. JUSTICE SHARP delivered the opinion of the Court.

This suit was instituted by Guy E. Bains against William D. Parker to enjoin the defendant from obstructing or closing a road across defendant's land. A judgment for the defendant in the trial court was affirmed by the Court of Civil Appeals. 177 S. W. (2d) 1007.

Prior to January 8, 1932, the petitioner, Bains, was in possession of two contiguous tracts of land, one of 300 acres in Fort Bend County and one of 400 acres in Waller County, claiming to own a life estate therein with the remainder in his two daughters. On that date Bains and his two daughters, joined by their husbands, conveyed the 400 acre tract to Parker by general warranty deed. Bains is here contending that a right of way by necessity was reversed by implication in this deed over the land granted in favor of the land retained. A writ of error was granted by this Court on the importance of the question.

Bains resides in the town of Brookshire, and farms the 300 acre tract through five families of tenants, who live on the farm. Brookshire is approximately two and one-half miles north of the two tracts, and in order to reach the 300 acre tract Bains has traveled the Brookshire-Fulcher road south to a point opposite the land of one Francis, thence about 400 yards across the land of Francis to a gate which opens into the 400 acre tract, and thence across the east end of the 400 acre tract to the 300 acre tract. This route is the most convenient way from the 300 acre tract to Brookshire, where Bains markets the crops raised on the farm.

About nine years after the deed to Parker was executed, Parker requested Bains to sign an acknowledgment that he used the roadway across the 400 acre tract only by Parker's permission. Bains refused to do so, and filed this suit, alleging that the roadway is a third-class public road, and also alleging a prescriptive right to use said road. Parker answered and filed a cross-action, in which he sought to enjoin Bains from crossing his property. The contentions that the roadway is a public road and that Bains has a prescriptive right to use the roadway have been abandoned, and will not be discussed further in this opinion.

Since there is no map accompanying the record, it is difficult to follow the testimony with respect to the location of the various tracts of land. It is sufficient to say that the evidence is undisputed that the 300 acre tract is entirely surrounded by the lands of other persons and the 400 acre tract, and that it does not abut on any public road. It appears that the 300 acre tract is bordered on the south by a tract of land referred to in the evidence as the Hudgins tract. A public road runs east and west along the south line of the Hudgins tract, connecting the Brookshire-Fulcher road with the Brookshire-Simonton road. There exist one or more roadways from the 300 acre tract across the Hudgins tract to this public road, but whether or not Bains has a right to use those ways is not revealed by this record.

The case was submitted to the jury on four special issues, in answer to which the jury found: (1) That Bains and others used a roadway across the easterly end of the 400 acre tract; (2) that such use continued for 45 years prior to December 18, 1941, the day that this suit was filed; (3) that the roadway across the 400 acre tract was not the only roadway Bains had to a public road on January 8, 1932; and (4) that from and after January 8, 1932, the roadway across the 400 acre tract was the only roadway that Bains had to a public road.

Parker filed a motion for judgment, notwithstanding the jury's answer to Issues 1, 2, and 4, which was granted by the trial court. In the judgment the court found: That the use referred to in Issues 1 and 2 was permissive only; that there was no evidence that Bains had ever owned either the 300 acres or the 400 acres; that there was no evidence of a public road across Parker's property; and that there was no evidence to support the jury's answer to Issue 4. The court also found other facts, which taken together operate to defeat any claim by limitation.

The Court of Civil Appeals held that Bains has no right of way by necessity over Parker's land, even though it be assumed that Bains is surrounded by the lands of strangers over which he has no right to cross. This holding was predicated upon a finding that the undisputed evidence was to the effect that the use of Francis' land was permissive only, and such use might be denied Bains at any time, thus rendering the claimed right over the 400 acre tract useless. In this holding we think that the court was in error.

■■ It is well settled that where there is conveyed a tract of land which is surrounded by the grantor's land, or by his and that of third persons, and to which the grantee can only have access to or egress from through lands other than that conveyed, the grantee has a right of way by necessity over the remaining lands of the grantor. Stuart v. Larrabee (Civ. App.), 14 S. W. (2d) 316 (writ refused); Kruegel v. Nitschmann (Civ. App.), 40 S. W. 68 (writ refused); 15 Tex. Jur., p. 784, sec. 16; Thompson on Real Property (Perm Ed.), Vol. 2, sec. 533.

It is also the law in this State that where a vendor retains a tract of land which is surrounded partly by the tract conveyed and partly by the lands of a stranger, there is an implied reservation of a right of way by necessity over the land conveyed, where grantor has no other way out. Alley v Carleton, 29 Texas 74, 94 Am. Dec. 260; Holman v. Patterson (Civ. App.), 78 S. W. 989 (writ refused).

■ We have found no authority precisely in point upon the question decided adversely to petitioner by the Court of Civil Appeals. However, we see no reason why the mere fact that the claimed right of way does not open into a public road should defeat the right. The way is no less necessary. To hold otherwise is to put the burden on petitioner to sue a party who is not contesting his right. In this connection, it is well to note that a way of necessity is a temporary right, which arises from the exigencies of the case and ceases when the necessity terminates. Sassman v. Collins (Civ. App.), 115 S. W. 337 (writ refused); 15 Tex. Jur., p. 807, sec. 34 17 Am. Jur., p. 965, sec. 51. Therefore, if in fact Francis has the right to bar Bains from the use of the roadway, and chooses to exercise that right, Bains' right to a way of necessity over the 400 acre tract ceases, unless by the use of the roadway over the 400 acre tract, in connection with a road over any other land, he can reach the public highway. The way is necessary so long

as Bains is allowed access to the highway across Francis' land or other land.

Since the case must be remanded to the trial court for another trial, we think it proper to express our views on certain other phases of the case.

■ Bains' petition was based solely on the allegations of public road and right of way by prescription. The defendant leveled numerous special exceptions to the petition, some of which were based on the contention that the petition showed no reserved right in the plaintiff. These special exceptions should have been sustained. In Dwyer v. Olivari, 16 S. W. 800, this Court held that, even though the facts in evidence might be sufficient to support a judgment establishing a way of necessity, the judgment should be reversed and remanded in the absence of sufficient pleadings. See also Neblett v. Sterling Inv. Co. (Civ. App.), 233 S. W. 604, 606 (writ refused).

There is testimony in this record to the effect that at one time the two tracts of land here involved, the Francis tract and the Hudgins tract had a common ownership. There is no evidence as to the order of disposition of these tracts of land. Now, if the Francis tract had been conveyed before the Hudgins tract, it is possible that a way of necessity was reserved by implication in the conveyance of the Hudgins tract in favor of the 300 acre and 400 acre tracts. At any rate, that is a matter for further adjudication.

■■ The burden is on the party claiming an easement in another person's land to prove all of the facts necessary to establish the easement. Texas Western R. Co. v. Wilson, 83 Texas 153, 18 S. W. 325; 15 Tex. Jur., p. 812, sec. 40; 17 Am. Jur., p. 967, sec. 54. The claimant is not entitled to a way of necessity if he has a right of way over the land of another. Leonard v. Leonard, 2 Allen (Mass.) 543; Feilhaber v. Swiler, 203 Iowa 1133, 212 N. W. 417; Monroe v. Shrake, 376 Ill. 253, 33 N. E. (2d) 459; Smith v. N. Y. Cent. R. Co., 235 App. Div. 262, 257 N. Y. S. 313. In Alley v. Carleton, supra, it was said: "A way of necessity, however, must be more than one of convenience, for if the owner of the land can use another way, he cannot claim by implication to pass over that of another to get to his own." If Bains had any right to pass over any of the surrounding tracts, whether by prescription, necessity, or otherwise, at the time of the conveyance to Parker, it must be held that there was no way reserved by implication in that deed.

The burden is on the plaintiff to establish that he has no such right. Standard Elkhorn Coal Co. v. Moore, 217 Ky. 317, 289 S. W. 261. But, of course, a mere license to use a way across the land of Hudgins or any of the surrounding land-owners would not operate to negative the existence of a way of necessity over Parker's land. 28 C. J. S., p. 699, sec. 35, p. 719, sec. 54.

■ Respondent contends, and the trial court found, that there is no evidence that Bains owned the 400 acre tract prior to January 8, 1932, or that he owned or owns the 300 acre tract. With respect to the 400 acre tract, respondent is in no position to question Bains' title, since respondent is asserting title under a deed from Bains. As to the 300 acre tract, it is undisputed that Bains is in possession, and was in possession at the time of the conveyance to Parker. Possession by tenants is equivalent to actual possession. 41 Tex. Jur., p. 544, sec. 67. Therefore Bains has established a prima facie title to the property, which, absent rebutting evidence, would entitle him to a judgment for the land in a suit for that purpose. Humble Oil & Refining Co. v. Wilcoxen (Civ. App.), 70 S. W. (2d) 218 (writ refused).

It is unnecessary to decide whether the issue of Bains' title is of that nature which would bring it within the exception to the best evidence rule that allows parol evidence of ownership when the issue is only collaterally involved. See 32 C. J. S., p. 725, sec. 794; 17 Tex. Jur., p. 490, sec. 190.

■ Special Issue No. 3 reads as follows: "Do you find from a preponderance of the evidence that on January 8, 1932, the roadway or passageway across the four hundred acre tract of land now belonging to the Defendant, W. D. Parker, was the only roadway or passageway Guy E. Bains had from the three hundred acre tract to a public road?" The jury answered, "It was not." By its answer to Special Issue No. 4 the jury found that from and after January 8, 1932, the roadway or passageway across Parker's land was the only way that Bains had from the 300 acre tract to a public road. If it were necessary to a decision in this case, we should be inclined to hold that the jury's answers to these two issues are in conflict. Petitioner asserts that there is another way into the 400 acre tract in addition to the way here in question, and that therefore, so long as he owned both tracts, he had another way to the 400 acre tract and thence to the 300 acre tract. That argument will not harmonize the jury's answers. If in fact there is another way from a public road into the 400 acre tract, which road was in the contemplation of the jury when answering Issue

No. 3, that road was equally available to Bains after the conveyance as it was before, because the only change that had taken place in the meantime was the sale of the 400 acre tract.

Upon another trial the issues should be so framed that the jury's answers would establish, either that Bains had a right to cross adjoining land, other than Parker's land, to a public road, or that he did not have such right.

For the errors discussed, the judgments of the trial court and the Court of Civil Appeals are reversed, and the cause is remanded to the trial court for further proceedings in accordance with this opinion.

Opinion delivered May 31, 1944.

Rehearing overruled October 18, 1944.