PARKER v. BAINS et al.

No. 11737.

Court of Civil Appeals of Texas. Galveston.
April 25, 1946.

Rehearing Denied May 23, 1946.

Albert J. DeLange, Frank A. Stamper, Robert P. Beman, Jr., and C. M. Hudspeth, all of Houston, for appellant.

F. Warren Hicks, of Houston, for appellees.

CODY, Justice.

This is the second appeal of this case. On the former appeal Guy E. Bains was the sole plaintiff below. Bains v. Parker, Tex.Civ.App., 177 S.W.2d 1007. After the Supreme Court reversed and remanded the case 143 Tex. 57, 182 S.W.2d 397, the daughters of Guy E. Bains (joined pro forma by their respective husbands) also became plaintiffs, and filed a first amended petition alleging, among other things:

That on January 8, 1932, the said Guy E. Bains and wife, and his said daughters were the owners of four certain contiguous tracts of land, one of which is described as the 400 acre tract, which tract is located in Ft. Bend County; another of which is a 290.8 acre tract, described as

the 300 acre tract, which tract is in Waller County; another of which is a ten acre tract, which tract is also in Waller County; and another of which is a five acre tract, which is also in Waller County. That on said date the 400 acre tract was burdened with an easement or right of way by necessity across it in favor of the other three tracts, said right of way by necessity having been first established by the will of W. W. Bains dated April 20, 1918, and re-established by a decree of the district court of Ft. Bend County. That, in the alternative, said 400 acre tract was burdened with said right of way by necessity on the said date of January 8, 1932, by implication in the deed from plaintiff and wife and the other plaintiffs, conveying said 400 acre tract to defendant.

That none of the said three tracts, not conveyed at the time the 400 acre tract was conveyed, abut upon any public road, and plaintiffs' only legal right of access to said three tracts, retained by them at the time of the sale, was to cross over said 400 acre tract. That plaintiffs may and do get to said land by crossing over lands belonging to strangers, but can do this only by the permission of the owners of said lands, which permission is revocable.

Plaintiffs further alleged that Guy E. Bains, as owner of a life estate in said three tracts of land, is in possession thereof by tenants using same for farming and grazing purposes, and has done so since January 8, 1932, and did so long prior thereto, and has had access to said three tracts of land by a right of way across the east end of the 400 acre tract. Plaintiffs further alleged that defendant is threatening to lock the gate and close the gap which plaintiffs use in the 400 acre tract for the purpose of crossing same as a means of ingress and egress to their land and thereby prevent such ingress and egress, and they pray for an injunction against defendant.

In his first amended answer defendant presented a plea in abatement, numerous special exceptions, a general denial, and specially pled among other things: that there is not now and has never been any

right of way by necessity imposed on said 400 acre tract in favor of plaintiffs' said land. In the alternative defendant pled that if there was any such easement, then that the same must be established along the east margin of said 400 acre tract, and in some definitely located place to be designated by defendant, and that said right of way must not be more than 20 feet wide.

In said answer, by way of cross-action against plaintiffs, defendants sued to remove cloud from title and in effect sued in trespass to try title to the 400 acre tract.

The plea in abatement was overruled. Defendant moved for an instructed verdict at the conclusion of the evidence. The case was submitted to a jury upon special issues. After the verdict, defendant moved for judgment notwithstanding the verdict which motion was refused. In response to plaintiffs' motion based on the verdict, judgment was rendered for plaintiffs permanently enjoining defendant from interfering with plaintiffs' use and enjoyment of an easement or right of way across the east end of the 400 acre tract, and also a right-of-way from the northwest of plaintiffs' 300 acre tract to the Brookshire-Simonton road, across the southwest corner of defendant's 400 acre tract, was decreed. The judgment provided further that whenever any public road abuts on any part of plaintiffs' property giving direct access thereto, that the rights-of-way so decreed plaintiffs should terminate.

From the evidence it appears that the property in question is about two and a half miles south of the town of Brookshire, and lying within an area embraced by three public roads; one of which—the Brookshire-Fulshear—runs generally southeastwardly from Brookshire; one of which—the Brookshire-Simonton—runs generally southwestwardly from Brookshire; and one of which—the Simonton-Pittsville—east and west and connects the Brookshire-Fulshear and the Brookshire-Simonton roads. The 300 acre tract is surrounded by tracts lying between it and said public roads, belonging to others. The

following sketch presents the situation roughly:

The evidence showed that before the deed to the 400 acres was executed, Guy E. Bains was in default on a promissory note which he owed defendant, and which was secured by a mortgage on the 400 acre tract, and that defendant was threatening foreclosure, whereupon Bains agreed to deed said tract to defendant to avoid foreclosure. Defendant had his lawyer draw up the deed, and Bains, his wife,

Before the 400 acre tract was deeded to defendant it was held in a body with the other three tracts (which three tracts are referred to in this opinion generally as the 300 acre tract). Bains lived in Brookshire and had Mexicans and Negroes as tenants on the farm. All the houses were on the 300 acre tract near the east end. Brookshire was the market town for the place. There was a roadway or passage-

way which led out from the 300 acre tract from somewhere near the 5 acre gin lot tract (which was one of the three lots making up the 300 acre tract) across the east end of the 400 acre tract, and which then crossed the southeast corner of the Francis tract, and led into the Brookshire-Fulshear road. This passageway was the means mainly used by plaintiffs and their tenants for ingress and egress to the 300 acre tract. It was two or three miles shorter to Brookshire by this route from the 5 acre gin lot, than via the Brookshire-Simonton road.

The 400 acre tract at its west end abutted, at least in part, on the Brookshire-Simonton road, and there was a passageway which led from the northwest corner of the 300 acre tract on to the 400 acre tract, and along the lower or southern part thereof to a gate which opened on to the Brookshire-Simonton road. This passageway was used when there was occasion to use the Brookshire-Simonton road. There were also passageways from the 300 acre tract across the Huggins tract by which access could be had to the Simonton-Pittsville road, and also access thereto could be had via the Hoskins tract (south of the 300 acre tract), and the Mullins tract to the Simonton-Pittsville road. Such passageways followed turnrows. Also access could be had to the Brookshire-Fulshear road via the Hoskins tract east of the 300 acre tract, and could also be had to same road from the 400 acre tract across the Hughes tract east of the 400 acre tract.

Shortly after defendant received the deed on January 8, 1932, he put in a partition fence between the 400 acre tract and the 300 acre tract. He left a gate in said fence at the point where the passageway left the 300 acre tract which passageway was across the east end of the 400 acre tract and the southeast corner of the Francis tract. Defendant testified that after he got the deed Bains asked his permission to continue to use such passageway, and we believe that this testimony is not denied. Plaintiffs merely say that this was not binding in any way on Bains' daughters, nor lost him his legal right of ingress and egress. Additional facts will be stated later.

The answers of the jury to the special issues were to the effect:

That the public had acquired an easement across the southeast corner of the Francis tract by prescription. That a lane had been fenced off of the southeast corner by the owners of said tract for said passageway about seventeen years prior to January 8, 1932. That by fencing same off the owners of said tract had dedicated same to the public as a road.

That at the time of the conveyance of the 400 acres to defendant there was an open and visible and well-defined roadway running from the south end of said lane across the east end of the 400 acre tract to north side of the 300 acre tract, near the gin lot tract. That said roadway had been in use for 45 years immediately before January 8, 1932. That when defendant purchased the 400 acre tract the occupants of the 300 acre tract and those having business with them were using said roadway.

That it is reasonably necessary for the fair enjoyment of the 300 acre tract to have the use of a roadway across the east end thereof connecting with the lane across the Francis tract. So also for plaintiffs to have use of a roadway across the southwest corner of the 400 acre tract to the Brookshire-Simonton road, but such roadway would not be adequate and reasonably sufficient to meet the necessities of plaintiffs.

With reference to surrounding tracts the jury found:

That the owners of the Huggins tract, the two Hoskins tracts, and the Hughes tract, respectively, have at all times since they acquired the property, respectively, exercised dominion and control over same. That the use by plaintiffs, and the use by the public generally of the passageways across aforesaid surrounding tracts was with the permission of the owners of said respective tracts. That the passageway over the Huggins tract from the 300 acre tract to the Simonton-Pittsville road, though used continuously for more than

ten·years prior to January 8, 1932, was not used adversely. The jury also made findings on the issue whether there had been changes in location in the roadway across the east end of the 400 acre tract.

Defendant predicates his appeal upon 63 points, the first 62 of which he has grouped into seven groups. The first group covers points 1 to 19, inclusive, which we summarize as complaining: That the court erred in decreeing plaintiffs any right of way across the 400 acre tract, and particularly was it error to grant two such rights by necessity there across. Also that it was error not to fix the location on the ground of the easements so granted. That the evidence was insufficient to support the finding that there was any necessity for plaintiffs to have a right of way across the 400 acre tract, and the evidence was also insufficient to support the finding that there had been a dedication to the public of a roadway across the southeast corner of the Francis tract, or that it had been accepted by the public or competent officials, or that it had been established by limitation.

■ Whether or not the evidence was sufficient to show that there had been a dedication of the lane across the Francis tract to the use of the public, it is unnecessary to decide. The undisputed evidence was that the lane was put in prior to the purchase of the Francis tract by Francis. We infer that it was put in after Guy E. Bains ceased to own the Francis tract in 1927, which he purchased in 1919, though the jury found it had been there for seventeen years prior to January 8, 1932. Any way it was put in at a time Bains did not own the tract. But irrespective of whether Francis has the right to grant or withhold permission for the lane to be used, the evidence established that he permitted the lane to be used. The putting in of the lane and allowing it to be freely used clearly established that the use of it is by the permission of the owner if he has the right to withhold permission. It was settled by the Supreme Court upon the former appeal that, provided all the other elements were established for implying a reservation of a way by necessity,

a permissive use of a way across the Francis tract was sufficient to authorize an implication of a way by necessity from the 300 acre tract across the 400 acre tract to the way across the Francis tract. 143 Tex. 57, 182 S.W.2d 397, 399.

■ In their pleadings, as indicated above, plaintiffs pled two grounds as a basis for a right of way across the 400 acre tract. The first ground was that the 400 acre tract was burdened with rights of ingress and egress in favor of the 300 acre tract by the will of W. W. Bains, the father of Guy Bains, and that subsequently by a means not necessary to state such rights were re-affirmed. What the will in fact did was to devise the gin property to three legatees, the testator's wife, and to Guy, and to testator's other son, and five acres about the gin was devised to said legatees with rights of ingress and egress thereto. The 5 acre tract is one of the three tracts making up the land which was designated below and which we designate here as the 300 acre tract; the other tracts embraced in that term being a 10 acre tract, and the 290.8 acre tract. Testator W. W. Bains owned the 400 acre tract and the 300 acre tract and other land in the vicinity at the time of his death. But whatever rights of ingress and egress across the 400 acre tract in favor of the 5 acre tract the will may be supposed to have imposed have terminated. The gin has long since been dismantled, and Guy Bains became the owner of the 300 acre tract inclusive of the 5 acre tract, and of the 400 acre tract. Since a right of ingress and egress is a right to go upon and across the land of another, when Guy acquired the fee-simple estate in all the land any supposed rights of ingress and egress merged if they did not terminate by dismantling the gin. We hold that whatever burden the will may have imposed upon the 400 acre tract that the same furnished no support for the judgment of the court in so far as it decreed rights of way across the 400 acre tract.

■ The other ground relied upon by plaintiffs in their pleadings for a right of way across the 400 acre tract was a way

of necessity impliedly reserved in the deed to defendant. It is well settled that where a grantor conveys a tract of land but retains land which is surrounded partly by the land conveyed and the remainder of it is surrounded by the land of strangers there is an implied reservation of a right of way by necessity over the land conveyed where there is no other way out. 143 Tex. 57, 182 S.W.2d 397, 399, supra. When plaintiffs conveyed the 400 acre tract to defendant the 300 acre tract retained by them was left surrounded by the land of others, as the above sketch shows. With reference to such situation, the Supreme Court ruled on the former appeal: "If Bains had any right to pass over any of the surrounding tracts, whether by prescription, necessity, or otherwise, at the time of the conveyance to Parker, it must be held that there was no way reserved by implication in that deed. The burden is on the plaintiff to establish that he had no such rights. * * * But, of course, a mere license to use a way across the Hudgins or any of the surrounding landowners would not operate to negative the existence of a way of necessity over Parker's land." 143 Tex. 57, 182 S.W.2d 397, 399, supra.

■ Special issues were submitted to the jury relative to the right of plaintiffs, as distinguished from a mere revocable license, to pass over the land of the surrounding owners. That is, with the exception of the tract designated as tract "A", and shown on the sketch as lying between a creek and the 300 acre tract to its east and the 400 acre tract to its north. It was not necessary to submit a special issue as to tract "A", for said tract did not abut upon a public road, and the undisputed proof showed that the passageway that had been used by the occupants of the 300 acre tract across the north end of Tract "A" crossed over into the south end of the 400 acre tract, and led thence to the southwest corner of the 400 acre tract in order to get to the Brookshire-Simonton road. From the answers of the jury to the special issues last referred to, and from the undisputed proof, it was established that plaintiffs had no right to get out from the 300 acre tract except over the 400 acre tract, that is, the use of the other surrounding tracts to get out was found to be permissive only.

■ Defendant urgently insists that the answers of the jury to the last-mentioned special issues were contrary to the undisputed evidence. The basis of this claim by defendant is the contention that at least some one or more of the surrounding owners did not occupy the status of stranger to plaintiffs. That is to say, it is defendant's contention that there was privity of ownership between plaintiffs and the owner of the Huggins tract. Of course "a way of necessity can arise only between a grantee and a grantor, and cannot be acquired over the land of a stranger." 15 Tex. Jur. 786, 787. The privity of ownership primarily relied upon by defendant is that between plaintiffs and the owner of the Huggins tract. Defendant proved that the 300 acre tract and the Huggins tract and other lands had been owned by Whitaker Bains, the grandfather of Guy, at his death. And that in 1878 there was a partition of his estate, and that in said partition the 300 acre tract went to W. W. Bains, the father of Guy, and the Huggins tract to its present owner, an aunt of Guy. The evidence further showed that at that time, as now, the occupants of the 300 acre tract had no direct access to a public road, and used passageways over the Huggins tract to get to the Simonton-Pittsville road. At that time there was no Brookshire, and no Brookshire-Fulshear road, though the road which is now designated as the Brookshire-Simonton road existed.

■ But years before his death, W. W. Bains acquired the 400 acre tract, and land to the east of the 400 acre tract which ran over to the Brookshire-Fulshear road. It is well settled that a way of necessity is a temporary right, and ceases when the necessity terminates. 143 Tex. 57, 182 S.W.2d 397, 399 supra. From the evidence it was clear that a right of way by necessity over the Huggins tract had terminated, if there were one originally prior to W. W. Bains' death. The original right of W. W. Bains to pass over the Huggins tract, if it existed, was not a continuous apparent permanent and necessary servi-

ent use of the Huggins tract in favor of the 300 acre tract. See Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683, 687; Howell v. Estes, 71 Tex. 690, 12 S.W.2d 62; Scarborough v. Anderson Bros. Const. Co., Tex.Civ.App., 90 S.W.2d 305; Pokorny v. Yudin, Tex.Civ.App., 188 S.W.2d 185. We think the evidence was sufficient to support the answers to aforesaid special issues.

Though we hold that plaintiffs established by their proof an implied reservation of a right of way by necessity over the 400 acre tract under the holding by the Supreme Court on the former appeal, we agree with defendant that the proof did not establish an implied reservation of two rights of way by necessity. There has been a gradual enlargement by the courts of the doctrine of implied reservation of right of way by necessity. At first it applied only to a right of way over the grantor's land. It was then extended in favor of the grantor over his grantee's land, under the same circumstances. Then the doctrine of strict necessity was watered down to reasonable necessity, but to be applied with great caution. Scarborough v. Anderson Bros. Const. Co., supra, and authorities there cited. But a way of necessity must be more than a way of convenience still, as the Supreme Court expressly recognized on the former appeal. To hold that plaintiffs are entitled to two ways out of their farm over the 400 acre tract would be to extend the meaning of "reasonable necessity" to embrace all the convenience of ingress and egress over the 400 acres which they enjoyed as fee-simple owners thereof. There is no doubt that the owners of property feel that there is some need for every gate that they put in. And the 400 acre tract had direct access to the Brookshire-Simonton road, and had no direct access to any other public road. But the evidence was that the occupants of the 300 acre tract always used the Brookshire-Fulshear road to get to and from Brookshire, their market town, as it was substantially the shorter route.

Upon the former trial plaintiffs did not so much as mention that there was any necessity for a road across the 400 acre tract to the Brookshire-Simonton road. And upon this trial by their pleadings they limited any claim of a way of necessity to a way across the east end of the 400 acre tract. They contend however that the issue of a way of necessity arises under defendant's cross-action, which in effect was an action in trespass to try title to the 400 acre tract. But the claim of plaintiffs to a right of way by necessity was one on which plaintiffs had the burden of proof. 143 Tex. 57, 182 S.W.2d 397, supra. It was in the nature of a claim for affirmative equitable relief. Upon the face of the deed plaintiffs had conveyed the fee-simple estate to defendant, and they were in the attitude of asking the court to relieve against such deed. In a trespass to try title action the burden is on the plaintiff in such action to make out his case upon the strength of his title, and not on the weakness of the defendant's in such action. In this case the deed from plaintiffs to defendant made out defendant's right to recover. He did not have to go further and prove that the deed, though absolute on its face, contained no reservations of a way of necessity. The burden was on plaintiffs to prove there was such a reservation. We need not determine the precise nature of the right to such reservation of way by necessity, nor whether the court grants relief upon principles of equity or estoppel. But the burden of proof being on plaintiffs to establish their right to a reservation of way by necessity, the burden of pleading such reservation was likewise on them. Plaintiffs were not entitled to a way by necessity decreed them where they had not pled any necessity therefor existed. In other words, where, as here, plaintiffs bring suit to establish a reservation of a right of way by necessity, and by their pleadings indicate that necessity requires the reservation of a way by necessity to one specified, such pleadings are tantamount to pleading that their necessities will be satisfied by the establishment of the way they plead for. We think that neither pleadings nor proof authorized granting plaintiffs two rights of way of necessity.

■ The rule is, "a way of necessity must be adequate and reasonably convenient and sufficient to meet the necessities of the person entitled thereto." 15 Tex.Jur. 786. The fact that the passageway from the Brookshire-Simonton road was open and visible to defendant when he purchased the 400 acre tract did not prevent the fee-simple title to that portion of said tract from passing to him, for he was purchasing same from the owners who had the right to sell. There is a general rule "that where during the unity of title an apparently permanent and obvious servitude is imposed on one part of an estate in favor of another, which at the time of the severance is in use and is reasonably necessary for the fair enjoyment of the other, then upon a severance of such ownership there arises by implication of law a grant of the right to continue such use." Miles v. Bodenheim, Tex.Civ.App., 193 S.W. 693, 696. But such implication of easement relates to the use made of the premises by a common grantor. This is not a case where an owner of the two tracts first granted the 300 acre tract to plaintiffs, and thereafter granted the 400 acre tract to defendant. There is also the rule that "the implication of an easement from the use made of the premises by the common grantor has no application to the implication of ways of necessity. The rule requiring that an easement be apparent and continuous as a requisite to a grant or reservation thereof by implication does not apply to a way of necessity." Barrick v. Gillette, Tex.Civ.App., 187 S.W.2d 683, 686; 28 C.J.S., Easements, page 692.

■ It is defendant's position that if plaintiffs are entitled to a way by necessity over the 400 acre tract that it should be the roadway to the Brookshire-Simonton road, which is the only public road on which the 400 acre tract abuts; that such roadway would be of less damage to defendant. The rule is that plaintiffs may not be deprived of their right of way by the offer of another. 15 Tex. Jur. 786. The jury found that since January 8, 1932, the passageway across the east end of the 400 acre tract was not moved by Bains from its original location. They also found that any change was not made without the consent of defendant. No change should be made in the location of the easement except through necessity. The trial court did not fix the roadway across the east end. Defendant's evidence was that plaintiffs moved out of the passageway, when the soil washed leaving deep ruts, to new ground nearby. The evidence shows that there is a creek in the vicinity (which is not shown on the above plat) and the soil washes. It is certain that defendant is under no obligation to keep plaintiffs' passageway in repair, nor have plaintiffs any right to change the location of the easement without the consent of defendant. It is impossible to say what temporary condition would justify plaintiffs moving around a temporary obstruction, or what change by the elements would justify a permanent variation in the course of the easement. If for instance a tree should fall across the roadway, plaintiffs could go around it until they had a reasonable time to remove it.

■ No authorities have been cited on the point as to the right of defendant to have the court to locate the easement on the ground. We suppose that defendant asked the roadway to be fixed on the ground by metes and bounds. If the location of the easement on the ground is uncertain and the parties could not agree upon the location, the court should have fixed it. In support of the judgment we assume that the location on the ground was reasonably certain. If plaintiffs move from such roadway without justification, they are of course answerable to defendant as trespassers.

On plaintiffs' first group of points we rule: that the court did not err in decreeing plaintiffs a right of way across the east end of the 400 acre tract. That the court erred in decreeing plaintiffs more than one right of way by necessity. That it was not reversible error not to fix the location on the ground by metes and bounds. That the evidence was sufficient to support the finding that there was necessity for plaintiffs to have a right of

way across the 400 acre tract. Except as granted the points 1–19, inclusive, are overruled.

Defendant's second group of points comprise his points 20 to 29, inclusive. They all assert error on the part of the court in refusing requests for instructions to the jury by defendant. Such requests present in another form the points which defendant has otherwise preserved, and which he presented by his first group of points. We overrule said second group.

Defendant's third group of points (30–33) claim error on the part of the court in refusing defendant's requests for additional instructions. What we have said of defendant's second group of points apply equally to his third group, and they are overruled.

Defendant's group of points 34 to 45, inclusive, present as error the court's action in submitting special issues Nos. 1 to 12, inclusive. They have necessarily been disposed of by our ruling on defendant's first group of points. Defendant's points 46 to 48, inclusive, pose error in the court's action in submission of special issues 13 to 15, inclusive, over defendant's objections thereto. Defendant's points 49 to 58, inclusive, pose such error to the submission of special issues 16 to 25, inclusive. Said points were presented in another form in defendant's group of points 1 to 19, inclusive, and have been ruled on.

Defendant's points 59 to 62, inclusive, are to the effect that the answers to special issues Nos. 26, 27–A, 28–A, and 29–A are without any support in the evidence, and contrary to all evidence and preponderance of the evidence, and said points were disposed of by our rulings heretofore made.

Point 63 presents as error the admission of the testimony of plaintiffs' witness W. R. McCauley with respect to the fencing off the east end of the Francis tract at the request of the owners of such property, as being hearsay, and mere conclusions of the witness. Plaintiffs assert in their brief that evidence to the same effect as that complained of with respect to McCauley was admitted without objection by other witnesses. Defendant has

not denied such assertion. That being true, the admission of such evidence could not constitute reversible error.

The court's judgment is reformed so as to award only one easement across defendant's 400 acre tract, and that being across the east end thereof, and as so reformed the judgment is affirmed.

Reformed and affirmed.