The PRUDENTIAL INSURANCE COMPANY OF AMERICA, INC., Appellant,

v.

Jack W. BLACK et al., Appellees.

No. 1847.

Court of Civil Appeals of Texas, Houston (14th Dist.).

Oct. 11, 1978.

Raymond T. Matthews, Tekell, Book & Matthews, Houston, for appellant.

John M. Robinson. Houston, for appellees.

## J. CURTISS BROWN, Chief Justice.

This appeal is from a take nothing judgment rendered against appellant in its suit for unpaid rent due from appellees on a written real estate lease. We reverse and remand.

On July 29, 1973, Brookhollow Plaza, a partnership, leased certain premises to Black Printing Company, Inc. for a five-year term. Jack W. Black and Angelo Moulios signed as personal guarantors for the payment of rent. Jack W. Black and Black Printing Company are appellees herein. The suit against Angelo Moulios was dismissed without prejudice at trial. Pursuant to the lease, appellees entered and took possession of the premises. Subsequently Brookhollow Plaza sold the property and assigned the lease to Prudential Insurance Company (appellant). On January 1, 1976, appellees vacated and ceased payment of rent, causing the property to stand empty until September, 1976, when appellant obtained another tenant. Appellant, as successor in interest to Brookhollow Plaza, sued the appellees for the unpaid rent, alleging breach of the lease contract.

Appellant sought to prove its ownership of the property by the testimony of Mr. Graubert, the former partner in Brookhollow Plaza. Over objection, Mr. Graubert testified that the partnership had conveyed the property and assigned the lease to the appellant. He further testified that he was currently employed by the appellant as leasing agent of the property, and therefore was able to testify as to the amount of unpaid rent due under the lease.

The trial court, sitting without a jury, rendered judgment for the appellees, and the appellant duly perfected appeal.

Because appellees filed no brief, we accept the appellant's brief as correctly stating the facts. Tex.R.Civ.P. 419.

Appellant assigns four points of error, but we find that consideration of the second and third points resolves this appeal. In its second point of error appellant asserts that the trial court erred in holding that, under the best evidence rule, appellant failed to introduce any evidence that title, and therefore the cause of action, was transferred to appellant.

The best evidence rule, as applied in Texas, mandates that the only competent evidence to prove the contents of a document is the document itself. *Aetna Insurance Company v. Klein,* 160 Tex. 61, 325 S.W.2d 376 (1959); 2 *McCormick & Ray, Texas Practice—Evidence,* §§ 1561–1562 (1956). The key phrase is "to prove the contents," because it is only when one seeks to prove the contents of a document that the best evidence rule applies. Thus, when the document and its contents are only collaterally related to the controlling issues, the best evidence rule does not apply. *Bains v. Parker,* 143 Tex. 57, 182 S.W.2d 397 (1944); 2 *McCormick & Ray, Texas Practice—Evidence,* § 1567 (1956). Moreover, the collateral issue exception to the best evidence rule has been held applicable when the ownership of property is only collaterally related to the cause of action. *Bains, supra; Fannin Bank v. Johnson,* 432 S.W.2d 138 (Tex.Civ.App.—Houston [1st Dist.] 1968, writ dism'd).

In this case, appellant's purpose was to show that it purchased the property and took an assignment of the lease from Brookhollow Plaza. The contents of the documents of conveyance would be irrelevant to the issue whether the appellees breached the lease contract. On that basis, we conclude that the question of ownership of the lease premises was only collaterally related to the issues presented at trial and that the best evidence rule was incorrectly applied.

Mr. Graubert testified of his own personal knowledge that the appellant purchased the premises from Brookhollow Plaza and

took an assignment of the lease. Mr. Graubert was competent to testify to that fact because he had been a partner in Brookhollow Plaza at the time of conveyance. This testimony, admissible under the collateral issue exception, would show that appellant was a successor in interest to Brookhollow Plaza. Hence, we conclude that the trial court erred in holding that appellant failed to produce any admissible evidence of title in appellant. Appellant's second point of error is sustained. Our decision on this point makes it apparent that the trial court did not consider all of the admissible evidence in making the determination that the appellant failed to carry its burden of proof. For this reason, appellant's third point of error is also sustained. We find it unnecessary to consider appellant's other points of error, and express no opinion thereon.

Appellant's second and third points of error having been sustained, we reverse and remand for a new trial.

Reversed and remanded.