**Phil B. KOONCE and Mabel Genevieve Koonce, Appellants,**

v.

**J.E. BRITE ESTATE, Appellee.**

No. 16897.

Court of Appeals of Texas,
San Antonio.

June 15, 1983.

Donna S. Rayes, Pleasanton, for appellants.

R. Thomas Franklin, Jourdanton, for appellee.

Before CANTU, TIJERINA and DIAL, JJ.

## OPINION

CANTU, Justice.

Appellee, J.E. Brite Estate, plaintiff below, filed suit to obtain a declaratory judgment confirming the existence of an implied easement across an adjoining tract owned by appellants.

Appellee is the owner of a 10.679 acre tract which in turn is a part of a 30 acre

tract conveyed to J.E. Brite and his wife Mabel Brite, on February 24, 1931. When Mabel Brite passed away, J.E. Brite became sole owner of the tract pursuant to the provisions of Mabel Brite's will. The 10.679 acre tract is the estate benefitting from the trial court's ruling and will hereinafter be referred to as the dominant estate.

The servient estate to be burdened by the easement is a 142 acre tract owned by appellants and is part of an original 284 acre tract which was owned by appellant Genevieve Koonce and Mabel Brite, wife of J.E. Brite as tenants in common, each owning an undivided one half interest. Mabel Brite's undivided one half interest in the 284 acres passed to her husband J.E. Brite under the terms of her previously mentioned will.

By deed executed by James E. Brite, individually and as Independent Executor of the Mabel Brite Estate, a partition was effected whereby Mabel Genevieve Koonce received her own undivided half interest in the 284 acre tract previously held in common with Mabel Brite. The 142 acre tract partitioned and set aside to Mabel Genevieve Koonce constitutes the servient estate in the instant action.

At the time of the severance (partition) of the 284 acre tract J.E. Brite owned in fee simple the dominant estate and an undivided one half interest in the 284 acre tract as a tenant in common with appellant Mabel Genevieve Koonce.

Appellee also owns a 75.647 acre tract which is separated from the dominant estate by a railroad right of way. Also adjoining appellee's 75.647 acre tract and separated by the railroad right of way is a tract consisting of 70.329 acres belonging to Jess T. Mills. On the railroad right of way separating appellee's large tract from Jess T. Mills' tract is a trestle bridge which can be used to pass from appellee's large tract to Jess T. Mills' tract. Mills' tract adjoins the dominant estate in question.

Some sort of access may be had to the dominant estate by either traversing the servient estate or by crossing appellee's large tract and using the railroad trestle.

In either case it is necessary to cross the 70.329 acre tract owned by Mills.

Mills was not made a party to the suit and it is undisputed that he recognizes an easement across his 70.329 acre tract.

The evidence at the bench trial reflects that J.E. Brite, during his lifetime utilized the 142 acre tract (servient estate) as a means of access to the 10.679 acre tract. In addition he and appellants grazed their cattle on the servient estate as well as on the Mills tract.

Brite also utilized a path under the railroad trestle.

Appellee's successor administrator testified that the only means of access to the dominant estate is across the servient estate. He admitted, however, to using the trestle crossing once, when he was prevented by appellant Phil Koonce from crossing over the servient estate. According to the administrator, Koonce threatened him with bodily injury and suggested that he use the trestle crossing. Access was gained to the dominant estate by cutting a fence.

The path under the railroad trestle consists of a low place where water collects. A major effort would be required to make the crossing practical.

The easement confirmed by the trial court is an existing road 2367.5 feet in length and requires repair work after a heavy rain.

The trial court in pertinent part found as a fact that the property (dominant estate) owned by appellee and the 142 acre tract owned by the appellants (servient estate) did have a unity of ownership at the time of severance of the two estates by appellee's predecessor in title. It further found that the easement is necessary because the land owned by appellee (dominant estate) is completely isolated and surrounded by land owned by others and was so isolated at the time of the severance of the dominant and servient estates. It further found that the right of way is a necessity and not a mere convenience and that the necessity of access existed at the time that the servient estate

was severed from the remaining property owned by J.E. Brite and still exists now.

It additionally adopted its findings as conclusions of law and awarded appellee an easement over an agreed route.

Appellants present four points of error. The first point challenges the trial court's finding that unity of ownership was established. The second point assails the trial court's finding that the easement is one of necessity as opposed to a mere convience. The third point challenges the trial court's finding that the necessity of access existed at the time of severance while the fourth point challenges the trial court's finding of present necessity of access.

The first point of error contends that as a matter of law ownership by tenancy in common of the servient estate and ownership in fee simple of the dominant estate is not such unity of ownership as would support an implied easement by necessity.

■ It is necessary that an easement be created by the owner of the servient estate, that is, the one which is to be imposed upon or burdened. *Gulf Sulphur Co. v. Ryman,* 221 S.W. 310 (Tex.Civ.App.—Galveston 1920, no writ). The easement may be created by express grant, by implication, by prescription or limitation, by dedication for public use, or by estoppel but it must be derived from the owner of the servient estate. *Williams v. Kuykendall,* 151 S.W. 629 (Tex.Civ.App.—Austin 1912, no writ). An easement may also be created in favor of a grantor by implied reservation. *Scarborough v. Anderson Brothers Construction Co.,* 90 S.W.2d 305 (Tex.Civ.App.—El Paso 1936, writ dism'd).

■ Where a grantor conveys a tract of land but retains land which is surrounded by the land of strangers, there is an implied reservation of a right of way by necessity over the land conveyed where there is no other way out. *Bains v. Parker,* 143 Tex. 57, 182 S.W.2d 397 (1944).

■ The requisite elements to establish an easement by implied reservation are: (1) that there was a unity of ownership of the alleged dominant and servient estates; (2) that the roadway is a necessity, not a mere convenience; and (3) that the necessity existed at the time of severance of the two estates. *Duff v. Matthews,* 158 Tex. 333, 311 S.W.2d 637 (1958); *Othen v. Rosier,* 148 Tex. 485, 226 S.W.2d 622 (1950).

■ The burden of proving an easement is on the party claiming it. *Bains v. Parker, supra.*

Appellee's predecessor in title, J.E. Brite, prior to partition of the 284 acre tract of which the servient estate was a part openly utilized the servient estate as a means of access to the dominant estate. As a co-tenant with fee ownership in an undivided interest in the servient estate Brite's use of the estate for access to the dominant estate constituted a servitude upon the servient estate. At the time of the partition of the 284 acre tract there existed an apparently permanent and obvious servitude upon one part of an estate in favor of another. This servitude was in use and reasonably necessary for the fair enjoyment of the other, and a grant of the right to continue such use arose by implication of law. *See Zapata County v. Llanos,* 239 S.W.2d 699 (Tex. Civ.App.—San Antonio 1951, writ ref'd n.r. e.); *Bains v. Parker, supra.*

Appellants knew that a roadway providing Brite access to the dominant estate existed and the use made of it at the time of the partition. The easement was, therefore, open and visible to appellants, and they were charged with notice of appellee's right of way. *Cf. Miles v. Bodenheim,* 193 S.W. 693 (Tex.Civ.App.—Texarkana 1917, writ ref'd).

■ We take time to recognize that there is distinction between an implied easement resulting from a conveyance of property[1]

---

1. Where an owner sells part of a tract of land and there is a continuous, apparent, permanent, and necessary servient use of the tract sold in favor of the tract retained, the easement does not pass, but is reserved from the grant in favor of the retained tract, even though there was no specific reservation in the deed. *Pokor-*

and one resulting from a partition of property. *See Zapata County v. Llanos, supra.* In *Ellis v. Bassett,* 128 Ind. 118, 27 N.E. 344, 24 AM.ST.REP. 421 (1891), it was said about the latter,

> A right of way upon a severance of the estate by partition between heirs sometimes arises when it would not exist in case of a conveyance of one portion of the premises. And it may be laid down as a general rule that a partition of real estate among heirs carries with it, by implication, the same right of way from one part to and over the other as had been plainly and obviously enjoyed by the common ancestor, in so far as it is reasonably necessary for the enjoyment of each part.

■ In the latter situation the same parties are regarded as both grantors and grantees, and it is supposed that each intended to take his share subject to all the burdens and entitled to all the advantages of the artificial conditions existing on the property at the time of the partition. *See* notes to *Gaynor v. Bauer,* 144 Ala. 448, 39 So. 749 (1905) reported at 3 L.R.A. (N.S. 1906) 1083; *Cf. Muir v. Cox,* 110 Ky. 560, 62 S.W. 723 (1901) (where the court recognized that it was unthinkable that partitioning commissioners would divide lots to the parties without the use of existing passways giving rise to the enjoyment of the land.)

We believe that when the partition deeds were executed, although no reference was made to an easement therein, still the grant to the use of a passway to appellee was implied and the easement created corresponded to the benefits and burdens existing at the time of the partition.

■ We find all of the authorities relied upon by appellant to be inapplicable inasmuch as none involves the creation of an easement by partition of property owned in common. After considering only the evidence and the inferences tending to support the trial court's finding and disregarding all the evidence and inferences to the contrary, we overrule appellant's contention that unity of ownership was not established. Ap-

pellant's first point of error is overruled. *Garza v. Alviar,* 395 S.W.2d 821 (Tex.1965). After reviewing all the evidence in the record we further hold that the trial court's findings of an implied easement by necessity, that the necessity of access existed at the time of severance and that the necessity presently exists are not against the great weight and preponderance of the evidence. *Garza v. Alviar, supra.*

We find no error requiring the disturbance of the trial court's judgment and it is, therefore, affirmed.

*ny v. Yudin,* 188 S.W.2d 185 (Tex.Civ.App.—El Paso 1945, no writ).