MEMORANDUM OPINION



No. 04-06-00751-CV



Lydia PEREZ,


Appellant



v.



Roel BENAVIDES,


Appellee



From the 229th Judicial District Court, Jim Hogg County, Texas


Trial Court No. CC-05-77(A)


Honorable Alex William Gabert, Judge Presiding



Opinion by: Catherine Stone, Justice


Sitting: Catherine Stone, Justice

 Karen Angelini, Justice

 Steven C. Hilbig, Justice


Delivered and Filed: June 6, 2007 


AFFIRMED

 This appeal arises from a suit by Lydia Perez to establish an easement across land owned by
Roel Benavides. Perez appeals the trial court's grant of summary judgment in favor of Benavides
and the denial of her motion for partial summary judgment. We affirm.

 Background

 This appeal involves what was once a large tract of land located in Jim Hogg County. On
October 30, 1964, a partition deed severed the land into seven separate tracts, Share A, Share B,
Share C, Share D, Share E, Share F, and Share G. At the time of the severance, neither Share F nor
Share G had direct access to a public road; the only public roads along the property lines included
the AA Martinez Road, which ran along the southern property lines of Share D and Share E, and FM
649, which ran north and south along the property line between Share A and Share B. 



 Both Benavides and Perez are successors in title to property deriving from the 1964 partition
deed. In 1992, Benavides purchased 60 acres in the northeastern portion of Share F, and in 1995,
Perez acquired Share G by a gift deed from her parents. From 1995 to the present, Perez has
accessed Share G from routes across other property that was part of the 1964 partition deed. Perez
now claims a right to a path over the eastern boundary of Share F in order to reach AA Martinez
Road. Benavides moved for traditional summary judgment on the grounds that Perez lacks present 
 necessity to access her land across his property and because there was no necessity for access at the
time of the severance of the estates in 1964. Perez then moved for a partial summary judgment,
asking the court to grant her a way of necessity over a specific road on Benavides' property. The
trial court granted Benavides' motion and denied Perez's motion, specifically ruling that Perez
"lacks, as a matter of law, the essential elements of a) necessity for a way of access across the
Benavides' 60 acre tract, and b) necessity for access at the time of severance of Plaintiff's tract and
the Benavides' 60 acre tract." Standard of Review 

 We review a summary judgment de novo. Provident Life & Accident Ins. Co. v. Knott, 128
S.W.3d 211, 215 (Tex. 2003). To obtain a traditional summary judgment, a party moving for
summary judgment bears the burden to show that no genuine issue of material fact exists and that
the party is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop.
Mgmt. Co., 690 S.W.2d 546, 548 (Tex. 1985). When, as in this case, competing motions for
summary judgment are filed and one is granted and one is denied, the appellate court should review
both sides' proof, determine all questions presented, and render the judgment the trial court should
have rendered. Holy Cross Church of God in Christ v. Wolf, 44 S.W.3d 562, 566 (Tex. 2001); FM
Props. Operating Co. v. City of Austin, 22 S.W.3d 868, 872 (Tex. 2000). 

 Easement by Necessity

 When a grantee seeks an easement by necessity over land once owned by a common grantor
but conveyed to third parties, he seeks a way of necessity by implied grant. Crone v. Brumley, 219
S.W.3d 65, 67 (Tex. App.-San Antonio 2006, pet. denied). To establish an easement by necessity,
a landowner must prove: (1) unity of ownership of the dominant and servient estates existed prior
to the severance; (2) access must be a necessity and not a mere convenience; and (3) the necessity
existed at the time the estates were severed. Koonce v. Brite Estate, 663 S.W.2d 451, 452 (Tex.
1984) (citing Duff v. Matthews, 158 Tex. 333, 311 S.W.2d 637 (1958)). "The way of necessity must
be more than one of convenience for if the owner of the land can use another way, he cannot claim
by implication to pass over that of another to get to his own." Duff, 311 S.W.2d at 640. The party
seeking to establish an easement by necessity must prove that he has no other legal access to his
property. Crone, 219 S.W.3d at 67(citing Bains v. Parker, 143 Tex. 57, 182 S.W.2d 397, 399
(1944)). If the easement seeker "had any right to pass over any of the surrounding tracts, whether
by prescription, necessity, or otherwise" at the time of conveyance, we will hold that there was no
intent to grant an easement by necessity. Duff, 311 S.W.2d at 399. However, an easement by
necessity is not defeated by proof that the party seeking the easement has "a mere license to use a
way across the land" of another. Id. The burden to prove all the facts necessary to establish an
easement by necessity rests on the party seeking the easement. Id. at 640; Bains, 182 S.W.2d at 399. 
The parties agree that unity of ownership existed between the dominant and servient estates in 1964. 
Therefore, we will confine our analysis to the remaining elements of present and historical necessity.

 The trial court determined that no necessity for the easement existed at the time of the
severance of the dominant and servient estates. See Koonce, 663 S.W.2d at 452. As set forth above,
a party seeking an easement by necessity must prove that he has no other legal access to his property. 
Crone, 219 S.W.3d at 68. Legal access includes an easement by necessity. Id.

 In this case, the evidence conclusively establishes that the historical means of accessing Share
G has been to cross Share C and Share D. Although Perez claims that her access across Share C and
Share D is by permission only, Share C and Share D also were part of the original tract of land prior
to the severance; therefore, unity of ownership existed between Share G, Share C, and Share D at
the time of the severance. Accordingly, the summary judgment evidence establishes that Perez
already has an established easement by necessity over Share C and Share D. Further, the road Perez
seeks to use over Benavides' property, Share F, was not even built until 1995. At the time of the
severance, Share F was also landlocked, and Perez's predecessors never gained access to a public
road across Share F. Accordingly, the evidence conclusively establishes that no necessity existed
for Perez's predecessors to use Share F to access a public road at the time the estates were severed. 
See id. at 70 (noting no evidence established that at time of severance a public roadway abutted
property across which plaintiff sought easement by necessity). 

Conclusion

 Based on the foregoing, we overrule Perez's issues on appeal and affirm the judgment of the
trial court.

 Catherine Stone, Justice