NO. 07-08-0025-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JUNE 16, 2009
_____

PEGGY G. PENNEY, APPELLANT

V.

DEBORAH MANGUM, APPELLEE
_____

FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY;

NO. 017-220803-06; HONORABLE FRED W. DAVIS, JUDGE
_____

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant, Peggy G. Penney, appeals the entry of a declaratory judgment declaring that a 30 foot implied easement by necessity existed in favor of Deborah Mangum across a one acre tract owned by Penney. Through two issues, Penney alleges that the evidence is legally and factually insufficient to support the trial court's judgment. Disagreeing with this contention, we will affirm the judgment of the trial court.

Factual and Procedural Background

The property at issue was originally part of a 7.97 acre tract owned by Mangum. The tract of land is located in Tarrant County, Texas and fronted on Farm to Market Road 1187. In October 2003, Mangum sold a one acre tract out of the 7.97 acre tract to her sister, Penney. This one acre tract fronted on FM 1187 and was the only portion of the entire tract that had access to a public road or highway. At the time of the original sale and purchase, the evidence indicated that Penney was contemplating purchasing the entire tract. Later, Penney decided to purchase only an additional 1.97 acre tract located directly south of her original one acre tract. The remaining five acres are directly south of the 1.97 acre tract and are owned by Mangum.

A survey was prepared of the 1.97 acre tract. This survey reveals that the property is surrounded by private lands and the only access to public roads or highways is on the north side of the 1 acre tract. The record at trial revealed that, at some point in time, Penney erected a gate on the one acre tract. The record further reflected that Penney had never denied Mangum access to the five acre tract or the 1.97 acre tract. However, because of the gate and a subsequent fence that Penney erected on the 1.97 acre tract, Mangum filed a declaratory judgment suit requesting the trial court to declare that there existed an easement by necessity across the one acre tract in favor of Mangum. After the suit was filed, Penney ceased making payments on the 1.97 acre tract.

All issues were submitted to the trial court in a bench trial. At the conclusion of the trial, the trial court ruled that an easement for ingress and egress was granted to Mangum.

Thereafter, at the request of Penney, the trial court filed findings of fact and conclusions of law. Finding of fact number 12 stated, "That Plaintiff should have a right of ingress and egress to her 6.97 acres, and the only point this can occur is through the northeast corner of current property owned by the Defendant." The trial court then issued conclusions of law awarding a 30 foot easement of 347.6 feet in length along the eastern edge of the property owned by Penney. It is from the above judgment that Penney appeals contending that, the evidence is legally and factually insufficient to support the judgment entered.

## Standard of Review

Findings of fact in a case tried to the court have the same force and dignity as a jury's verdict upon jury questions. See Catalina v. Blasdel, 881 S.W.2d 295, 297 (Tex. 1994). When a non-jury trial is conducted with a court reporter, these findings are reviewed for legal and factual sufficiency of the evidence the same as jury findings. See Ortiz v. Jones, 917 S.W.2d 770, 772 (Tex. 1996).

Under the legal sufficiency standard, we must credit evidence that supports the judgment if a reasonable fact finder could, and we must disregard contrary evidence unless a reasonable fact finder could not. See City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005). If the evidence falls within the zone of reasonable disagreement, we may not invade the fact finder's role. See Id. at 822. The fact finder alone determines the credibility of the witnesses, the weight to give their testimony, and whether to accept or reject all or part of that testimony. See Id. at 819. Unless there is no favorable evidence to support

the challenged finding or if contrary evidence renders supporting evidence incompetent or conclusively establishes the opposite of the finding, we must affirm. See Id. at 810-11.

In considering the factual sufficiency of the evidence, we must examine the whole record to determine whether the evidence supports the finding of the fact finder. See Golden Eagle Archery, Inc. v. Jackson, 116 S.W.3d 757, 761-62 (Tex. 2003). The mere fact that we might have reached a different conclusion on the facts does not authorize us to substitute our judgment for that of the fact finder. See Richmond Condominiums v. Skipworth Commercial Plumbing, Inc., 245 S.W.3d 646, 658 (Tex.App.–Fort Worth 2008, no pet.).

Analysis

By her petition for declaratory relief, Mangum was requesting a judicial declaration that she had an implied easement by necessity across the property of Penney. To be entitled to an implied easement by necessity Mangrum had to prove three elements: 1) unity of ownership prior to severance, 2) access must be a necessity and not a mere convenience, and 3) the necessity must exist at the time of severance of the dominant and servient estates. See Koonce v. Brite Estate, 663 S.W.2d 451, 452 (Tex. 1984). In her appeal, Penney is not challenging the first element. Accordingly, we must examine the evidence regarding the second and third elements.

The record contains a survey of the entire 1.97 acres. This survey reflects that FM 1187 is the only designated public road or highway that connects to the subject property. In addition, an aerial photograph of the entire 7.97 acre tract was introduced into evidence.

4

This photograph showed two possible roads that appeared to dead end on the west property line of the 1.97 acre and five acre tracts. Further testimony was introduced that indicated that these roads were part of a private development and were not dedicated to the use by the general public. Therefore, the only apparent access to the property was from FM 1187 on the north side of Penney's property. Further, Mangum testified to this fact during the presentation of her case. Penney argues that she has never denied Mangum access. According to Penney, this defeats the necessity of access at the time of severance. However, Penney misunderstands the element. The fact that she has not heretofore denied access is not the controlling issue. Her licensing permissive use does not defeat the necessity of the easement. See Bains v. Parker, 143 Tex. 57, 182 S.W.2d 397, 399 (1944). The record clearly shows that at the time of severance the only access to Mangum's property was from FM 1187. Further, as the only access, access from FM 1187 is not just a matter of convenience but rather of necessity. Under this state of the record we cannot say that there is no favorable evidence supporting the trial court's judgment, and neither can we say that contrary evidence renders supporting evidence incompetent or conclusively establishes the opposite of the finding. See City of Keller, 168 S.W.3d at 822. Therefore, we must overrule Penney's legal sufficiency issue.

When we review the entire record under the standard of review for factual sufficiency, we come to the same conclusion. The evidence is factually sufficient to support the judgment. See Golden Eagle Archery, Inc., 116 S.W.3d at 761-62. We therefore, overrule Penney's issue regarding factual sufficiency.

Conclusion

Having overruled Penney's issues, we affirm the judgment of the trial court.


Mackey K. Hancock
Justice