# JEFF SMALL

ATTORNEY AT LAW
12451 STARCREST, SUITE 100
SAN ANTONIO, TX 78216.2988
210.496.0611/F: 210.579.1399
JDSLAW@SATX.RR.COM

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS

12/01/15 4:35:22 PM
KEITH E. HOTTLE
Clerk

November 23, 2015

Mr. Keith C. Hottle, Clerk
Fourth Court of Appeals
300 Dolorosa, Suite 3200
San Antonio, TX 78205

Re:     *In re the Estate of William H. McNutt, Deceased;*
        Cause No. 04-15-00110-CV

Dear Mr. Hottle:

Petitioners, the McNutt Ranch Entities, respectfully submit this post-submission letter brief and ask that it be distributed to the members of the panel in the foregoing case, Justices Angelini, Chapa, and Pulliam, which heard oral argument on November 17, 2015.

The McNutt Ranch Entities remain firm that Sherry failed to prove any oral gift of real estate, including as to the foreman's house, and continue to urge that the entire trial court judgment be reversed and that Sherry take nothing. Among other reasons, no matter what else Sherry shows regarding the house, she failed to show any evidence that Bill made a gift to her of the house in 1983–she never testified that he did, only that he allegedly gifted her the entire northside of the Ranch. This Court decided otherwise in the first appeal as to the gift of the northside.

That said however, for clarity's sake, no matter how the Court resolves the issue as to Question No. 1, the only proper resolution as to Question No. 2 is for the Court to reverse and render judgment as to that part of the judgment that Sherry take nothing.

Sherry waived her claim as to Question No. 2 because she submitted her cause on an incorrect, invalid legal theory. Thus, the proper resolution of that issue is rendition. *See Clayton W. Williams, Jr., Inc. v. Olivo*, 952 S.W.2d 523, (Tex. 1997) ("Because the [plaintiffs] did not secure proper jury findings on their only viable cause of action, they waived that claim and are not entitled to any relief . . ."). "Upon appeal all independent grounds of recovery or of defense not conclusively established under the evidence and no element of which is submitted or requested are waived." TEX. R. CIV. P. 279.

This Court gave Sherry the opportunity on remand to develop the theory of an oral gift both as to the house AND the necessary plot of land surrounding the house for full use and enjoyment of the house. *McNutt I,* 405 S.W.3d at 197. But she failed and refused to submit the question regarding "the necessary plot of land" under the theory of an oral gift

of real estate as directed by this Court. *See id.* Instead, Sherry opted to retry the alleged gift of the 2000 acre, northside of the ranch, which had previously been decided adversely to her.

It was Sherry's burden, as a proponent of an exception to the statute of frauds as to the "necessary plot of land," to seek and obtain a finding as to the elements of the oral-gift-of-real-estate exception as to the plot of land as well as to the house. *See Dynegy, Inc. v. Yates*, 422 S.W.3d 638, 641 (Tex. 2013). She failed to ask for or obtain findings supporting an exception to the statute of frauds as to Question No. 2. Indeed, because Sherry resisted submitting the issue posed in Question No. 2 subject to the elements of an oral gift of real estate, and failed to obtain the necessary jury findings, she waived her claim as to any award pursuant to Question No. 2. Thus, the only proper resolution as to Question No. 2 is rendition of judgment that Sherry take nothing.

Were the Court to affirm only as to Question No. 1, it would follow that Sherry would need access over the Ranch to the foreman's house. Accordingly, in that instance, the Court should find that Sherry is entitled to an implied easement appurtenant for access from the house to water and to the IH-10 access road as would be the case in any instance where there has been a unity of ownership and there is a physical necessity for access to water and an outlet road. *See Drye v. Eagle Rock Ranch, Inc.*, 364 S.W.2d 196, 208 (Tex. 1962) (use of the "servient" tract was necessary "for drainage, support, way, or water"); *Bains v. Parker*, 143 Tex. 57, 182 S.W.2d 397, 399 (1944).

Accordingly, the McNutt Ranch Entities respectfully ask this Court to reverse the trial court's judgment in its entirety. In the alternative, the McNutt Ranch Entities ask that if the Court affirms the judgment as to Question No. 1 that it reverse and render judgment that Sherry take nothing as to Question No. 2 and grant an easement to her that is no more than necessary for access to water and the IH-10 access road from the house.

By signature below, I certify that counsel of record/interested parties are being served a copy of the foregoing concurrent with its filing.

Respectfully submitted,

/S/ *Jeff Small*

Jeff Small
Counsel for Appellants