## JOSEPH RUMILL *vs.* BYRON H. ROBBINS.

### Hancock. Opinion March 18, 1885.

*Ways. Ways from necessity, location of.*

The location of ways arising from necessity may be made and changed by the concurrence of the parties. Such location or change need not be in writing nor formally agreed to. It may be inferred from the acts or acquiescence of the parties.

ON REPORT.

Trespass to land, the object of the litigation being to settle the legal rights of the parties. A referee was appointed by the

court to determine the facts and report them, with a plan, as a part of the case to the law court. If the defendant had a right of way over the plaintiff's land at the place claimed by him, plaintiff was to be nonsuited, otherwise, the defendant was to be defaulted for nominal damages.

The material facts are sufficiently stated in the opinion.

*George P. Dutton*, for the plaintiff.

*Wiswell and King*, for the defendant, cited : *Bass* v. *Edwards*, 126 Mass. 445 ; *Bowen* v. *Conner*, 6 Cush. 135 ; *Bingham* v. *Smith*, 64 Maine, 288 ; 3 Kent, Com. 420 ; *Nichols* v. *Luce*, 24 Pick. 104 ; *Russell* v. *Jackson*, 2 Pick. 578 ; *Com.* v. *Coombs*, 2 Mass. 490 ; *Pembroke* v. *Plymouth*, 12 Cush. 351 ; *Hall* v. *Co. Com.* 62 Maine, 327.

EMERY, J. The only right of way claimed is that arising from necessity. In such cases, the owner of the servient estate has the first right to locate the way, and if he refuse to do so upon request, the owner of the dominant estate may locate the way. The location by either must be reasonable, Wash. on Easements, 167. The parties may agree to a location, and can change any location by mutual arrangement. Such arrangement, need not be in writing, but can be inferred from the words or conduct of the parties ; *Smith* v. *Lee*, 14 Gray, 480. However the way may be located, the right remains one of necessity only.

In this case, at least two roads had been used indifferently for many years by the occupants of the defendant's lot. It does not appear that the defendant requested the plaintiff to locate the way to be used, or that the plaintiff did locate it. For four years after his purchase of the land from the plaintiff, the defendant used the road in dispute without objection. Whether he used this road exclusively does not appear. He was then forbidden by the plaintiff to use it. The objection was to the use of that particular road. No objection was made to the use of the other road, which was equally convenient for the defendant.

In 1879 the defendant and nine others applied to the municipal officers to lay out a way over this other road. The municipal

officers met at the dwelling house of the plaintiff on the servient. estate, after due notice of their intention to meet there, and laid out a way over the old road, as prayed for. The plaintiff waived damages for crossing his land, and the town accepted the way. The defendant now claims that the way was not legally laid out. We think that is immaterial. If it be a statute way, the right of way by necessity is thereby ended. Wash. on Easements, 165. If it be not a statute way, no one but the plaintiff could prevent the use of it, and we think he would be estopped. The conduct of both parties shows a mutual designation of this, as the route the defendant was thereafter to take over the plaintiff's land. The defendant procured it to be defined. The plaintiff had forbidden the use of the other road. He knew of the defendant's proceedings for the location of another way. He assented to it, by waiving damages. He expected this way to be thereafter used. He brings this suit for the using the other road. He cannot now question the defendant's right to this road, if there be a necessity for a way. No one has questioned it, so far as appears, and although not formally opened, it is a traveled road, safe and convenient. The defendant should now be confined to it.

*Defendant defaulted for one dollar damages.*

PETERS, C. J., DANFORTH, VIRGIN, FOSTER and HASKELL,. JJ., concurred.