## GROBE v. OTTMERS.

### No. 11976.

Court of Civil Appeals of Texas.
San Antonio.

Oct. 19, 1949.

Rehearing Denied Nov. 23, 1949.

Petsch & Petsch, Fredericksburg, for appellant.

Victor B. Rogers, Fredericksburg, for appellee.

W. O. MURRAY, Justice.

This suit was instituted by Robert Ottmers against Arthur Grobe seeking a roadway across property owned by defendant as a way of ingress and egress to land owned by plaintiff, plaintiff alleging that he is entitled to this roadway as a matter of necessity. Prior to May 25, 1932, Herman F. Grobe and wife, Bertha Grobe, were the owners of Survey No. 204 in Gillespie

County, Texas, consisting of 640 acres of land, and on that date conveyed this entire survey to their four children. The east 308 acres of said survey was deeded to Arthur Grobe and the west 332 acres was divided into three tracts of land and deeded to their three daughters, Annie Oehler, Selma Hahne and Olga Nagel, the northwest tract going to Annie Oehler, the middle tract going to Selma Hahne, and the southwest tract going to Olga Nagel. Thereafter, on June 3, 1947, Olga Nagel conveyed her tract, consisting of 107.7 acres to Robert Ottmers, who brings this suit for a roadway by necessity across that part of Survey No. 204 conveyed to Arthur Grobe and still owned by him. .

The case was submitted to the trial judge without the intervention of a jury and judgment was rendered in favor of Robert Ottmers against Arthur Grobe for an easement right-of-way of twenty feet wide, across and along the south line of the 308 acre tract of land belonging to Arthur Grobe. From that judgment Arthur Grobe has prosecuted this appeal.

The Fredericksburg-Llano Highway crosses Arthur Grobe's land diagonally near the southeast corner. The roadway awarded by the trial judge to appellee, Ottmers, is only 570 feet long, while the Arthur Grobe land is shown to be 874.6 varas wide. At or about the time that H. F. Grobe and wife conveyed Survey No. 204 there was a roadway passing across the land conveyed to Arthur Grobe, which began near the place where the Fredericksburg-Llano Highway enters the Arthur Grobe land on the east side and runs on across the Arthur Grobe land to the land deeded to Selma Hahne.

There was another road known as the old Mexican road which ran from Selma Hahne's tract south, across the Olga Nagel tract and on across a tract known as the Segner land, down to the old Llano Road. It was possible to reach the Fredericksburg-Llano Road from Olga Nagel's tract of land by going north on the old Mexican road partly across the Selma Hahne land and then east across the Arthur Grobe land. Shortly after Olga Nagel received the deed to her tract of land she ran a fence across this road, along the north line of her tract, and thereby precluded herself from using this road and reached her property by traveling the southern end of the old Mexican road. When appellee purchased the Olga Nagel tract of land he used the established road across the Arthur Grobe land for some six or eight months before bringing this suit to obtain a road by necessity across the south end of the Arthur Grobe land. Appellant has no objection to appellee using this old road across his property, but he does object to his having a new way across the south end of his land.

Appellant contends that the court erred in awarding to appellee a way by necessity across the south end of his property, in view of the fact that appellee already had a way by necessity over which he could reach his property.

It can readily be seen that the roadway granted to appellee by the trial court is a much more convenient way for him to travel than the road which now exists across the appellant's land. However, appellee is not entitled to a way by necessity simply because it will be more convenient for him, and as long as he has a way which is reasonably well suited for the purpose he cannot secure another way by necessity to reach his property. Alley v. Carleton, 29 Tex. 74, 94 Am.Dec. 260; Sibbel v. Fitch, 182 Md. 323, 34 A.2d 773; Parker v. Bains, Tex.Civ.App., 194 S.W.2d 569; Wauburn Beach Ass'n v. Wilson, 274 Mich. 598, 265 N.W. 474, 103 A.L.R. 983; 28 C.J.S., Easements, p. 761, § 82; Douglas v. Jordan, 232 Mich. 283, 205 N.W. 52, 41 A.L.R. 1437.

It is true that appellee built his house in the south portion of his tract and therefore a right-of-way across the southern end of appellant's land would be much more convenient for him. However, in passing upon the question of a right-of-way by necessity, we cannot take into consideration where appellee placed his improvements. If appellee had built his house nearer the north end of his tract the road as it now exists would apparently be as convenient for him as one to the south. He cannot

change this situation by simply placing his improvements at another place on the property.

It is clear that appellee's property is surrounded by other land, and he is entitled to a roadway by necessity to reach the highway, but he is not entitled to two such roads, and he now has such a road and therefore he is not entitled to a second. 15 Tex.Jur. p. 787, § 18.

The tract of land originally deeded to Selma Hahne is now owned by Thomas Immel, and in order to reach the highway at the present time appellee is forced to travel partly across the land owned by Immel. It will be borne in mind that Arthur Grobe is not the immediate grantor of appellee, Ottmers, and the only reason that appellee is entitled to a way by necessity across the property of Arthur Grobe is that they have a common grantor in H. F. Grobe and wife. This same thing is true with reference to the land now owned by Immel, and appellee has the same right to a way by necessity across the Immel land as he has across appellant's land. Therefore, he is not crossing the Immel land merely by permission, but under his right of way by necessity. The way across appellant's land has been in existence for more than fifteen years and has been acquiesced in by the owners of the other tracts in Survey No. 204, and this way having been established by acquiescence for such a long period of time, cannot now be changed without the consent of all the parties concerned, or by the judgment of a court in a suit in equity in which it is established that justice and fairness to all parties concerned require that the roadway should be changed. Cozby v. Armstrong, Tex.Civ.App., 205 S.W.2d 403; Carleton v. Dierks, Tex.Civ.App., 203 S.W. 2d 552; 28 C.J.S., Easements, p. 762, § 83.

Appellant offered evidence to establish the fact that at the time his father and mother conveyed these several tracts of land to him and his three sisters, an oral agreement was made that they should reach the property by using the passageway across the Arthur Grobe land, as it now exists. This testimony was ruled out by the trial court. In doing so the trial court committed error. A way by necessity arises from a presumption that where a grantor conveys to a person land that is totally surrounded by other lands belonging either to the grantor or to the grantor and other persons, there was an intention to grant a roadway so as to enable the grantee to have full enjoyment of the property conveyed, and that the failure to grant a passageway was an oversight and will be implied in the grant. Therefore, it is in keeping with the implied provisions of the grant, to show that there was an understanding as to such roadway and its location. Such an oral agreement does not vary the terms of the written conveyance, but is in keeping with the terms which the law writes into such a conveyance. Rumill v. Robbins, 77 Me. 193.

The location of such a way by necessity across the other lands of the grantor can be located first by the grantor and should he fail to do so then by the grantee. In locating such a right of way regard should be had for the convenience of all parties concerned. 28 C.J.S., Easements, p. 761, § 81.

The location of such way by necessity may be made by a separate agreement of the parties at the time of the conveyance, and such agreement does not have to be in writing. Rumill v. Robbins, 77 Me. 193. The location of such a right of way may also be established by the acquiescence of the parties to the transaction. It appears that if the trial judge had not excluded the testimony with reference to the location of the roadway, appellant would have been able to prove that an agreement was entered into at the time H. F. Grobe and wife conveyed this property to their children as to the location of the roadway. Regardless of this, however, the evidence as it now stands is sufficient to show that grantees, by acquiescence for a period of more than fifteen years, have established the roadway across Arthur Grobe's land at or near the place where it now is located and such roadway having been once established it cannot be changed simply by bringing a suit for another roadway by necessity. Annotation found in 68 A.L.R., beginning at page 531 under heading b. Ex-

isting Ways; 28 C.J.S., Easements, p. 761, § 80b.

In Kaiser v. Somers, 80 Ind.App. 89, 138 N.E. 20, 22, the rule is thus stated: "The way that both appellees and appellants have a right to use is the one used by Henry Kaiser, and as located at the time of the partition of his lands among his heirs, without any regard to its location with reference to the section line."

The judgment of the trial court is reversed and judgment here rendered that appellee take nothing and pay the costs of this Court and the court below.

SMITH, C. J., absent.