STATE OF MAINE                                    SUPERIOR COURT
                                                     CIVIL ACTION
YORK, ss.                                    DOCKET NO. RE-05-120


RICHARD J. MOREST,

            Plaintiff

                                          **DECISION AND JUDGMENT**
      v.                                  (TITLE TO REAL ESTATE AFFECTED)


CARL ANDREWS and
KAREN ANDREWS,

            Defendants


PARTIES – The plaintiff is Richard J. Morest of 1 Alvin Street in Allenstown, New

Hampshire. He was represented by Bruce A. Whitney of South Berwick, Maine.

The defendants are Carl R. Andrews and Karen R. Andrews of 139 Frye's Bridge Road

in Lyman, Maine. They were represented by Thomas Danylik of Biddeford, Maine.

DOCKET NUMBER – The docket number is RE-05-120.

NOTICE – All parties have received notice of the proceedings in accordance with the

applicable provisions of the Maine Rules of Civil Procedure.

DESCRIPTION OF THE REAL ESTATE – The plaintiff and his then wife Donna Morest

purchased approximately 16 acres of woodlands without road frontage from Lawrence

P. Snow in a deed of September 30, 1987 which is recorded at Book 4485, Page 178. The

beginning of the land is set back about 1200 feet from what is called Mast Hill Road and

sometimes described as Mast Road in Lyman. This is the same property as that

described in a deed from Donna Morest to Richard Morest of August 30, 1991, at Book

5826, Page 86, where she conveyed her interest to him as part of a divorce.

The plaintiff owns land on Mast Road and Goodwins Hill Road in Lyman which is described in a deed from Lawrence P. Snow of October 23, 1998 at Book 9134, Page 214. The property is described as containing three parcels and it and a portion of the Morest property are set forth on a "Plan Showing a Standard Boundary Survey Made for Carl R. & Karen R. Andrews by Dow & Coulombe, Inc. of July 1, 1999 with four revisions the most recent of November 21, 2006.

The Morest property is landlocked and both sides agree that he is entitled to an easement by necessity. The parties disagree as to where the location should be. The plaintiff believes that the easement should be along the southerly boundary of the defendants' property of what is called Parcel II. An easement there would, in the plaintiff's judgment, provide him with the most direct and least expensive access to Mast Road. The Dow & Coulombe survey shows the location in the upper right corner bordering the land of Demers & Nadeau and the land formerly of Gould.

The defendants believe that this location would pass very close to a mobile home along Mast Road on a 1.1 acre parcel that is now in separate ownership of Carl R. Andrews, see deed of June 24, 2005 at Book 14523, Page 230, and that they hope to sell. It would go near or over the well and perhaps, if 50 feet in width, infringe upon their garage. The defendants also own a larger parcel of land, about 6.3 acres, directly in back of the 1.1-acre parcel along the road. They have built a new home there and hope to move into the new home in the near future.

The plaintiff's proposed location would go within 75 feet or so of the edge of their new house and go over their leach field. They are concerned that if the easement is located where the plaintiff would like, or even if part of the easement is located on the land of Demers and Nadeau, with their consent, their privacy would be seriously eroded and the value of their properties diminished.

2

The plaintiffs have offered to allow a road to be constructed over an easement to be located further down Goodwins Hill Road, also called Roberts Pond Road at a point on the bottom left corner of the survey designated "found 5/8"Ø drill hole in granite stone" continuing along the boundary of the land formerly of James Smith to a point designated "found crows foot atop 4'± x 5' ± ... boulder marked ..." on a straight line to two set iron rods with cap the second of which is at the edge of the Morest property. They claim that this location protects their privacy and property values and allows reasonable access to the plaintiff for approximately the same cost. The plaintiff disagrees and argues that it would be far more costly as his proposed location is partially built, a shorter distance and cheaper and does not involve travel over an unimproved portion of Goodwins Hill Road.

The plaintiff purchased his land from a family friend, Mr. Snow, without a survey or any deeded easement. He has provided no estimates of the construction costs at either location. Mr. Andrews works in construction with heavy equipment and testified that the costs were comparable, though he provided no written documentation to show how he reached that conclusion.

Photographs indicate that both routes may have added costs because of areas of ledge or water. Neither route is problem free.

It is not possible to quantify the costs of building a road at either location though it appears that construction at the defendants' proposed location would be more costly as it would involve a greater distance and the costs for extending electricity would also be greater. No cost estimates for line extensions for either route were, however, obtained from Central Maine Power Company. Likewise there are no cost estimates for any costs involving the relocation of the well, leach field or garage.

3

The defendants have cited a brief case. *Rumill v. Robbins*, 77 Me. 193, 194 (1885) for the proposition that, in cases of easements by necessity, "... the owner of the servient estate has the first right to locate the way, and if he refuses to do so upon request, the owner of the dominant estate may locate the way. The location by either must be reasonable ..."

The plaintiff has cited a longer and more recent case *Perkins v. Perkins*, 158 Me. 345 (1962), from what is now the Town of Ogunquit, regarding the determination of the location of a "rights of passage" that had been devised. See 348. The Superior Court opinion was quoted at length by the Law Court. In the context of attempting to determine what the testatrix intended and considering the location of the land and buildings, the Superior Court Justice found that, "... the grantees of the dominant lot are entitled to have the use and enjoyment of a way located upon the servient lot in such a manner that it would not be unreasonably inconvenient or injurious to the owner of the servient lot and at the same time be reasonably suitable and convenient to the owners of the dominant lot ..." The appellants failed to demonstrate that the decision was clearly erroneous and the appeal was denied.

The *Rumill* case is more directly related to the issues in this case of where an easement of necessity should be located, who gets to choose the location and what the judicial role should be. *Rumill* suggests that in this case the defendants should choose the location and the Court should approve it if the choice is reasonable. Using that test the defendants' choice is a reasonable one. Their choice would provide access and not necessarily be significantly more expensive. The plaintiff's choice, while perhaps less expensive for him, would impose undue burdens on the defendants by passing close by their present and future homes.

The *Perkins* case differs from this one. There the testatrix wanted to provide access but it was not clear what the exact location and scope would be. In this case there is no express easement contained in the deeds to the plaintiff. Even if we were to use the *Perkins* case the defendants' choice wins out. To place the easement near their home would be "unreasonably inconvenient or injurious" while the alternative is, while not perfect or ideal, "reasonably suitable and convenient." Also see 25 Am.Jur. 2d 646, at §76 of Easements and Licenses for the rule "... that the right to select the location of a way of necessity belongs to the owner of the servient estate, provided he exercises the right in a reasonable manner, with regard to the convenience and suitability of the way and to the rights and interests of the owner of the dominant estate."

The entry is:

Judgment for the plaintiff on the complaint. The plaintiff is entitled to an easement by necessity over the land of the defendants along the line proposed by the defendants on the Dow & Coulombe plan showing a standard boundary survey for Carl R. & Karen R. Andrews of July 1, 1999 from what has been marked by the Court as points A and B on the survey. A copy of which is attached as Exhibit A to this decision. The easement will be fifty feet wide, may be paved and may be used for all purposes including the installation of utilities either above or below ground, and rights of entry and egress. No other relief is granted to the plaintiff. No costs to either party. The plaintiff shall record an attested copy of the judgment and pay the appropriate recording fees.

Dated:      March 28, 2007

Paul A. Fritzsche
Justice, Superior Court

The appeal period has expired without action or final judgment has been entered after remand following appeal.

Dated: _____          _____
                                                    Clerk

BRUCE WHITNEY, ESQ. for PLAINTIFF
THOMAS DANYLIK, ESQ. for DEFENDANTS

5

EXHIBIT A
RE-05-120
MOREST v ANDREWS

ROBERTS ESTATE, HEIRS · DEXTER E. ROBERTS AND ELIZA B. STAFFORD " APRIL 16, 1986 BY CHAPPELL LAND CO. + ARTHUR ROBERTS.

## NOTES :

1. THIS SURVEY CONFORMS TO STATE OF MAINE BOARD OF LICENSURE FOR PROFESSIONAL LAND SURVEYORS STANDARDS : CATEGORY I, CONDITION III.

2. INFORMATION IN PARENTHESIS COPIED FROM DEED & PLANS.

3. COURSES ARE BASED ON PLAN REFERENCE 1 & REFER TO 1989 MAGNETIC MERIDIAN.

4. SEE ACCOMPANYING REPORT.

PLAN SHOWING A STANDARD BOUNDARY SURVEY MADE FOR

# CARL R. & KAREN R. ANDREWS

MAILING ADDRESS : 292 WADLEIGH POND ROAD
LYMAN , MAINE

LOCATION OF PARCEL : GOODWINS HILL ROAD & MAST RD.

# LYMAN — MAINE

SCALE 1" = 100'

JULY 1 , 1999
REVISED DEC. 30, 2004
MARCH 8, 2005
SEPT. 16, 2005
NOV. 21, 2006

DOW & COULOMBE , INC.
LAND SURVEYORS & PLANNERS
13 PARK ST. , SACO . MAINE 04072



DEED BOOK 9134, PAGE 214, PARCEL III

$48°25'$
$153.0?$

$$35.910 \quad \text{ACRES}$$
$$- 5.005 \qquad "$$
$$30.905 \quad \text{ACRES}$$

FOUND CROWS
FOOT ATOP $4'\pm \times 5'\pm$
BOULDER MARKED
"MS" + "JSJ"
("ISI")

SET DRILL HOLE
IN BOULDER
9-05

SET IRON ROD
W/CAP 12/04

$S 55°35'30"E$
LINE OF FENCE IRONS IN GRANITE
$469.85'$ ($480'\pm$)

SEE LOCUS DEED
BOOK 9134, PG. 214, PARCEL I

FOUND $5/8"\phi$
DRILL HOLE IN
GRANITE STONE

$A$

$87.24'$

$4°26'.45"E$

$36'.45"E$
$57.00'$

PROPO
5.
MA

$235.33'$
$N 54°$

GOO