Opinion Issued December 6, 2007









Opinion Issued December 6,
2007

 

 

 

 

 

 








 

     

 

 

 

 

 

In The

Court of Appeals

For The

First District of Texas

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



NO. 01-07-00081-CV

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 



PAUL D. BRADLEY, Appellant

 

V.

 

MILTON PETERS, RODNEY RICE, AND LAURA RICE, Appellees

 

 



On Appeal from the 21st District Court

Washington County, Texas

Trial Court Cause No. 33538

 








 



MEMORANDUM OPINION

Appellant Paul Bradley challenges a
no-evidence summary judgment rendered in favor of appellees Milton Peters,
Rodney Rice, and Laura Rice.  Peters and the Rices move to dismiss the appeal
for want of jurisdiction, alleging that Bradley’s notice of appeal was untimely
filed.  Bradley moves for an extension of time.  As to the merits, Bradley
contends in two issues that the trial court erred in granting summary judgment,
and erred in denying his motion to strike certain summary judgment evidence. 
We conclude that we have appellate jurisdiction, grant Bradley’s motion for
extension, and deny the motion to dismiss.  We further conclude that the trial
court did not grant more relief than requested in the motion for summary
judgment and therefore affirm.

Background

          This is an easement dispute
involving adjoining land owned by the parties in Washington County.  The properties are situated off a private roadway known as Renn Lane, which intersects
public road F.M. 1370.  Bradley’s property is located past the Peters and Rice
properties on Renn Lane, further from F.M 1370.  This dispute arose when Peters
and the Rices locked an iron gate across Renn Lane, preventing Bradley from
using it to access his property.  Appellees contend that Bradley can access
F.M. 1370 and his property by a different route, which does not involve the use
of Renn Lane.

Bradley sued, claiming an “easement
by implication” along Renn Lane.  Appellees counterclaimed and moved for summary
judgment.  Although it was a no-evidence motion, appellees attached evidence,
including a photo of another access road and mailbox, a map of the property
showing an access road, and affidavits from landowners on Renn Lane.  Bradley
objected to this evidence and filed a response, attaching numerous deed records
that he contends show unity of title, and his affidavit stating that access via
 Renn Lane is necessary.  The trial court granted summary judgment against
Bradley on July 14, 2006.  On August 17, 2006, Bradley moved for a new trial. 
Following a bench trial on appellees’ counterclaims, on October 17, 2006, the trial
court signed a final judgment, making the interlocutory summary judgment final
and disposing of appellees’ counterclaims.  Bradley filed his notice of appeal,
along with a motion for an extension of time to file the notice of appeal, on
January 24, 2007.  

Appellate Jurisdiction

As an initial matter, appellees
contest our jurisdiction over the appeal.  Specifically, they argue that
Bradley’s motion for a new trial, filed before final judgment, but after the
trial court granted its interlocutory summary judgment, was overruled by
operation of law and thus, was “no longer a live pleading capable of extending
the appellate deadline for filing a Notice of Appeal.”  We disagree.  A
prematurely filed motion for new trial extends the deadline to file a notice of
appeal under Rule 306c of the Texas Rules of Civil Procedure and Rule 27.2 of
the Texas Rules of Appellate Procedure, as long as the motion complains of
error brought forward in the subsequent judgment.  Tex. R. Civ. P. 306c; Tex R. App. P. 27.2.

Generally, a party must file its
notice of appeal within thirty days after the trial court signs its final
judgment.  Tex R. App. P. 26.1.  If a party timely moves
for a new trial, however, the deadline to file the notice of appeal extends to
ninety days after the judgment is signed.  Tex.
R. App. P. 26.1(a)(1).  An appellate court must “treat actions taken
before an appealable order is signed as relating to an appeal of that order and
give them effect as if they had been taken after the order was signed.” Tex. R. App. P. 27.2.  Such actions
include motions for new trial.  Houston County Hosp. Dist. v.
Estrada, 831 S.W.2d 876, 878 (Tex App.—Houston [1st Dist.] 1992, no writ).  In
particular, a motion for new trial prematurely filed “shall be deemed to have
been filed on the date of but subsequent to the time of signing of the judgment
the motion assails.” Tex. R. Civ. P.
306c.  Thus, “a motion for new trial that complains of error brought forward in
a subsequent judgment preserves those complaints on appeal to the extent they
are applicable to that judgment.”  Wilkins v. Methodist Health Care Sys.,
160 S.W.3d 559, 562 (Tex. 2005).  Such a motion will extend the appellate
timetable on the judgment it assails.  See id.; see also Nuchia v. Woodruff,
956 S.W.2d 612, 614 (Tex. App.—Houston [14th Dist.] 1997, pet. denied). 


          Here, the trial court granted appellees’
motion for summary judgment on July 14, 2006.  Bradley moved for a new trial on
August 17, 2006.  The trial court never expressly overruled the motion.  Had
the summary judgment been a final judgment, the motion for new trial would have
been overruled by operation of law on September 27, 2006.  See Tex. R. Civ. P. 329b.  But here, the
trial court signed and filed its final judgment on October 17, 2006, which
disposed of the remaining claims in the case. Thus, the motion for new trial
did not become “live” until that moment.  Bradley’s
motion for new trial complains of error brought forward in the
subsequent judgment.[1]
 Because the motion assails the final judgment, we treat it as relating to this
appeal, and give effect to it as if it had been filed after the trial court
signed the final judgment.  Wilkins, 160 S.W.3d at 567.  We hold that Bradley’s
premature motion for new trial extends the notice of appeal deadline to ninety
days after the trial court signed the final judgment in this case, or January
15, 2007.

Bradley noticed his appeal on January
24, 2007, nine days after the deadline for filing it.  According to the Rules
of Appellate Procedure, an appellate court may extend the deadline for a party
to file the notice of appeal if the party, within 15 days after the original
deadline, files the notice of appeal in the trial court and moves for an
extension of time in the appellate court. Tex.
R. App. P. 10.5(b), 26.3.  A motion to extend time to file the notice of
appeal, under Rule 10.5(b), must state (1) the original deadline for filing the
notice, (2) facts which reasonably explain the need for an extension, (3) the
identity of the trial court, (4) the date of the trial court’s judgment, and
(5) the case number and style of the case.  Tex.
R. App. P. 10.5(b).  Under the rule, “reasonable explanation means ‘any
plausible statement of circumstances indicating that failure to file within the
[required] period was not deliberate or intentional, but was the result of
inadvertence, mistake or mischance.’”  Smith v. Houston Lighting & Power
Co., 7 S.W.3d 287, 289 (Tex. App.—Houston [1st Dist.] 1999, no pet.)
(quoting Garcia v. Kastner Farms, Inc., 774 S.W.2d 668, 669 (Tex. 1989)).  Unless it is found that an appellant’s conduct was deliberate or intentional,
“the court of appeals should ordinarily accept the appellant’s explanations as
reasonable.”  Hone v. Hanafin, 104 S.W.3d 884, 887 (Tex. 2003).  Bradley’s
motion for an extension stated facts reasonably explaining his need for one.  See
Smith, 7 S.W.3d at 289.  We therefore grant Bradley’s motion for extension
of time to file notice of appeal, overrule appellees’ motion to dismiss the
appeal, and consider the merits of the appeal.

Summary Judgment

          Bradley contends that his
original petition pleaded an easement by necessity.  He further contends that
appellees’ no-evidence summary judgment attacks a claim for an implied
easement, not an easement by necessity, and thus is facially defective. As a
result, Bradley asserts, the trial court erred in granting final summary
judgment, because the court granted relief on a claim (easement by necessity)
that appellees did not attack in their motion.  To support his argument,
Bradley directs us to allegations in his original petition, which, he contends,
imply (without using the term) that his cause of action is for an easement by
necessity, and not simply for an implied easement.  Appellees respond that
Bradley’s petition expressly pleaded an implied easement and failed to give
fair notice of Bradley’s unpled intent to also claim easement by necessity. 
They further note that their no-evidence motion for summary judgment challenges
the specific claims made in Bradley’s petition, and thus encompasses Bradley’s
necessity claim to the extent it was made in the petition.

Summary Judgment Standard of Review

In a Rule 166a(i)
no-evidence motion for summary judgment, the movant represents that no evidence
exists as to one or more essential elements of the non-movant’s claims, upon which
the non-movant has the burden of proof at trial.  Tex. R. Civ. P. 166a(i).  The non-movant then must present
evidence raising a genuine issue of material fact on the challenged elements.  Id.  A no-evidence summary judgment is essentially a pre-trial directed verdict.  Bendigo v. City of Houston, 178 S.W.3d 112, 113–14 (Tex. App.—Houston [1st Dist.] 2005, no pet.); Jackson v. Fiesta Mart, 979 S.W.2d 68,
70–71 (Tex. App.—Austin 1998, no pet.).  The respondent need not marshal its
proof; it need only point out evidence that raises a fact issue on the
challenged elements.  Tex. R. Civ. P.
166a(i) cmt.

Law of Easements 

Easements by necessity arise by implication.  See Othen v. Rosier, 226 S.W.2d 622, 626, 148 Tex. 485, 491 (Tex. 1950) (stating that easement by necessity “necessarily
can arise only from an implied grant or implied reservation”); Ward
v. Bledsoe, 105 S.W.2d 1116, 1117 (Tex. Civ. App.—Waco 1937, no writ) (“A way of necessity does not arise merely because of
inconvenience.  It is dependent upon an implied grant or reservation . . . .”);
Jordan v. Rash, 745 S.W.2d 549, 553 (Tex. App.—Waco 1988, no writ) (“An
easement of necessity can only arise between a grantor and grantee through an
implied grant or reservation.”).  If a grantor conveys property surrounded by
land owned by others, Texas law presumes that the grantor intended to grant a
roadway to enable full enjoyment of the conveyed property, and “the failure to
grant a passageway was an oversight and will be implied in the grant.”  Grobe
v. Ottmers, 224 S.W.2d 487, 489 (Tex. Civ. App.—San Antonio 1949, writ
ref’d n.r.e.); see also Machala v. Weems, 56 S.W.3d 748,
755 (Tex. App.—Texarkana 2001, no pet.). 

To establish an easement by
necessity, a landowner must show: (1) unity of ownership before severance; (2) that
access is a necessity and not a mere convenience; and (3) the necessity existed
at the time of severance of the two estates.  Koonce v.
Brite Estate, 663 S.W.2d
451, 452 (Tex. 1984); Crone v.
Brumley, 219 S.W.3d 65, 68 (Tex. App.—San Antonio 2006, pet. denied).   To establish an implied easement, a
party must show (1) unity of ownership between the dominant and servient
estates at the time of severance; (2) apparent use of the easement at the time
of the grant; (3) continuous use of the easement before the severance of the
dominant and servient estates; and (4) that the easement is reasonably
necessary to the use and enjoyment of the dominant estate.[2]  Houston Bellaire,
Ltd. v. TCP LB Portfolio I, L.P., 981 S.W.2d 916, 919 (Tex. App.—Houston
[1st Dist.] 1998, no pet.).  Some overlap thus exists in the requisite elements
for an easement by necessity and an easement implied from the severance of
title.  Common to both, a party must show unity of ownership between the
dominant and servient estates at the time of severance, and that the easement
is reasonably necessary to the use and enjoyment of the dominant estate.  Id.

Sufficiency of the No-Evidence
Summary Judgment

In his petition, Bradley did not expressly
state a separate cause of action for easement by necessity.  Instead, he
requested a declaratory judgment “establishing that a valid easement by
implication exists in favor of BRADLEY with regards to his right to go upon Renn Lane to access his real property located off of Renn Lane.”  Bradley claimed that his
right to use Renn Lane “arises by operation of law through the doctrine of
easement by implication.”  Bradley contends that, liberally construed, his
petition contains all the elements of an easement by necessity; therefore, the
trial court should not have granted summary judgment on an implied easement
claim.  In his brief, Bradley does not contend that he raised a fact
issue in the trial court so as to defeat the motion, but instead maintains that
the defendant’s motion was facially defective in that it did not address a
claim for easement by necessity.

The defendants’ no-evidence summary
judgment asserts that Bradley failed to provide evidence of unity of ownership
and that the easement was reasonably necessary, two elements of a claim for
easement by necessity.  Assuming that Bradley pleaded an easement by necessity,
the defendants’ no-evidence motion challenged two of its elements: “(1) There
is no evidence of unity of title between the Bradley Property and either of the
Peters Property of the Rice Property. . . (4) There is no evidence that the use
of Renn Lane is reasonably necessary to the use of the Bradley Property.”  This
required Bradley to respond, and he did respond, with evidence of (1) unity of
title and (2) necessary use.  Thus, the issue as to these elements was properly
joined in the trial court.  As Bradley does not challenge the substantive merit
of the motion, we do not evaluate its substantive merit.  We merely conclude
that the no-evidence motion fairly challenged two elements of the cause of
action set forth in Bradley’s petition.  Accordingly, the trial court did not
err in granting more relief than was requested.[3]
See Blancett v. Lagniappe Ventures, Inc., 177 S.W.3d 584, 592 (Tex. App.—Houston [1st Dist.] 2005, no pet.) (summary judgment may be proper when ground
asserted in motion conclusively negates common element of newly and previously
pleaded claims); see also Judwin Props., Inc. v. Griggs & Harrison, 911
S.W.2d 498, 502–03 (Tex. App.—Houston [1st Dist.] 1995, no pet.).

Conclusion

We conclude that we have jurisdiction
over this appeal.  We further conclude that the trial court did not grant more
relief than requested in the no-evidence motion for summary judgment.  We
therefore grant Bradley’s motion for extension, deny the appellee’s motion to
dismiss, and affirm the judgment of the trial court.

 

 

                                                                              Jane Bland

                                                                              Justice

 

 

Panel consists of Chief Justice
Radack and Justices Alcala and Bland.

 









[1]
In his motion for new trial, Bradley stated that
he “should be granted a new trial because the grounds upon which DEFENDANTS
based their summary judgment was inapplicable to the case at bar.  Since there
was not a valid summary judgment against BRADLEY’S cause of action for an
implied easement by necessity and no admissible evidence to support said
motion, the Order granting DEFENDANTS’ summary judgment motion should be
vacated and this case reinstated.” (emphasis added).





[2]
The degree of necessity required for the
establishment of an implied easement depends on whether it is an easement by
implied reservation or implied grant.  Here, the relevant degree of necessity
is “reasonably necessary to the use and enjoyment of the dominant estate”
since, should there be an implied easement, it would arise out of a grant with
no reservation by the original grantor.  Houston Bellaire, Ltd. v. Tcp LB
Portfolio I, L.P., 981 S.W.2d 916, 919 (Tex. App.—Houston [1st Dist.] 1998,
no pet.).





[3]
In his second issue, Bradley asserts that the
trial court erred in denying his objections to certain summary judgment
evidence.  Given our disposition of Bradley’s first issue, we do not address
this issue, because Bradley does not attack the merit of the summary judgment
beyond contending that the court granted more relief than was requested.