# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00505-CV

**Lillie Phillips, Appellant**

**v.**

**Irene Schneider, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 169TH JUDICIAL DISTRICT
### NO. 236,506-C, HONORABLE GORDON G. ADAMS, JUDGE PRESIDING

### M E M O R A N D U M   O P I N I O N

Lillie Phillips brought an action seeking to obtain an easement by necessity across land owned by her cousin and neighbor Irene Schneider. The trial court failed to find that she carried her burden of proof and rendered judgment denying her claim. Phillips appeals the take-nothing judgment. Phillips complains in two issues that the evidence is legally and factually insufficient to support the trial court's failure to award her an easement by necessity across Schneider's property. The trial court filed findings of fact and conclusions of law. Appellant requested additional findings, which were not made. We will affirm the trial court's judgment.

### BACKGROUND

August Richter and his wife owned a tract of 144.15 acres of land in Bell County, Texas. In 1975, after their deaths, the property was partitioned among the members of their family. The Richters' daughter, Lydia Richter Winkler, wife of Wesley Winkler, served as executor. She

supervised the partition of the Richter property and the manner by which the parcels of land were distributed. The property was divided into nine tracts; family members drew lots to select a tract. Thereafter, the family members executed a partition deed among themselves conveying each his or her separate tract.

In the partition, Appellant Lillie Phillips and her siblings drew tract seven, approximately 12.5 acres of land. Phillips recently acquired all of tract seven herself. Philips's tract does not abut a public road and has remained unimproved since the partition.

Lillie Phillips's land (hereafter "Appellant's tract" or "the Phillips tract") is bounded by four tracts. West of Appellant's tract is property owned by another relative who also happens to be named Lydia Winkler, but she is not the same person previously described. Appellant has crossed this tract with permission a few times to reach her property. East of Appellant's property is land the Richter family sold to the Army Corps of Engineers before the partition; it is now owned by Terry Galloway. While the Corps of Engineers owned this land, family members sometimes crossed the Corps land to reach the Richter property, and Irene Schneider used this route to access her property. Appellant once reached her property by crossing Galloway's property without permission. Neither of these two tracts was part of the partitioned estate.

In the partition, Irene Schneider's mother received tract six, which borders Appellant on the North. Schneider and her brother acquired the property at their mother's death, and Schneider has owned all of this property since the mid-1980s (hereafter "the Schneider tract"). Lydia Richter Winkler, who had supervised the partition, received tract eight, which borders Appellant on the South; this tract is now owned by her son, William Winkler (hereafter "the Winkler

2

tract"). It is undisputed that Appellant's tract, the Winkler tract, and the Schneider tract were all part of the larger tract partitioned among the Richter family.

The northeast corner of the Schneider tract touches Winkler Park Road. At the time of the partition, a high hill on her property blocked and prevented Schneider's access to Winkler Park Road. In the mid-1980s, Schneider bulldozed the hill to enable access. She constructed a cabin and a driveway to connect her cabin on the Schneider tract with Winkler Park Road. The boundary between the Phillips tract and the Schneider tract is fenced, and there is no gate between the two tracts. The undisputed evidence reflects that Phillips and her siblings have never accessed their tract by means of the Schneider tract.

The southern edge of the Winkler tract touches White Flint Park Road. Roadways on the Winkler tract provide access to White Flint Park Road for more than one residence situated on the tract. A private road from White Flint Park Road crosses the Winkler tract toward the Phillips tract. An unpaved extension of this road continues to the southern boundary of the Phillips tract. Although the boundary between the Phillips tract and the Winkler tract is fenced, there is a gate for access in the boundary fence at the point where this unfinished road enters the Phillips tract.

Phillips originally filed suit against both Irene Schneider and William Winkler. However, she non-suited Winkler because she did not think it logical to place an easement through the middle of his property and because, in her opinion, crossing the Schneider tract made the most sense to her and was shorter and better suited for access to her property. Her construction expert opined that an easement across the Schneider tract offered a shorter, simpler, and less burdensome

location. Schneider's real estate witness, on the other hand, stated that he believed that an easement through the Winkler tract would have less of an economic impact than one across the Schneider tract.

Phillips testified that she lives in Irving, Texas, and has been absent from Bell County since before the 1975 partition. When questioned, she gave somewhat unclear and uncertain testimony. As she stated, "I live in Irving and have for over 40 years, so I don't know what went on down here. . . . 99% of the things that happened here I don't know anything about." Although the record contains evidence that Phillips's brother, now deceased, had previously filed suit against Schneider and her brother in 1987 seeking to obtain an easement across the Schneider tract, Phillips declined to discuss her brother or his efforts regarding access. Her brother abandoned the action and eventually filed a non-suit. Appellant admitted that she has never crossed the Schneider tract to reach her property. She agreed that White Flint Park Road is usually how she accessed her property, but she denied that she had ever crossed the Winkler tract to access her property. She disclaimed knowledge of events in the past and denied knowing how her siblings had accessed the tract during all these years since the partition.

William Winkler and Schneider's brother, Walter Arldt, had knowledge of matters relating to the time of the partition. William Winkler was a signatory to the partition deed, whereby he acquired eight acres of the Richter property south of his mother; later, he acquired his parents' share after their deaths. Winkler was involved in discussions relating to the partition. Although no longer a party to this litigation, Winkler testified that, after the partition, Phillips crossed the Winkler tract to travel between her property and White Flint Park Road. He described the roadway from White Flint Park Road that crosses his tract and extends to the southern boundary of the Phillips

4

tract. Winkler testified that, at the time of the partition, this was intended by the parties to be the road by which Phillips could access her tract. Phillips admitted that, at the time of the partition, she originally intended to use the drive across the Winkler tract in order to access White Flint Park Road. Arldt also testified that, when the tracts were partitioned, the Phillips owners went across Winkler to access their property. He testified that originally Phillips went across the Winkler tract but that at some point after Lillie Phillips argued with Wesley Winkler, Lydia's husband and William's father, Wesley Winkler denied Phillips further access across the Winkler tract. Both men testified that no one ever used the Schneider tract for access to the Phillips tract.

The trial court made the following findings: Appellant's tract does not abut a public roadway and does not have a recorded access easement to cross a neighbor; the Winkler tract was part of the prior estate; prior unity of ownership existed between the Winkler tract and the Phillips tract; the nearest public roads to the Phillips tract are Winkler Park Road to the East and White Flint Park Road to the South; the Winkler tract is situated between the Phillips tract and White Flint Park Road; after the partition, an unfinished roadway was made to lead from a driveway on the Winkler tract to the southern boundary line of the Phillips tract, and this roadway was intended to be the access route from the Phillips tract to White Flint Park Road; after the partition, the owners of the Phillips tract accessed White Flint Park Road by crossing the Winkler tract; and the owners of the Phillips tract never crossed the Schneider tract to obtain access to a public road or for any other reason.

The trial court concluded that the evidence failed to prove that access over the Schneider tract is a necessity and not merely a convenience; failed to exclude the possibility of

5

another way of access to the Phillips tract other than across the Schneider tract; and failed to prove that the necessity for an easement across the Schneider tract existed at the time of the severance of the two tracts.

## STANDARD OF REVIEW

Phillips challenges the legal and factual sufficiency of the evidence supporting the trial court's failure to find that she established her right to an implied easement by necessity across the land owned by Schneider. When a party challenges the legal sufficiency of the evidence supporting an adverse finding on an issue on which it had the burden of proof, the appealing party can prevail only if it demonstrates that the evidence conclusively establishes each of the required elements of an issue as a matter of law. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 241 (Tex. 2001). Evidence conclusively establishes a vital fact in support of an issue when the evidence is such that reasonable people could not disagree in their conclusions. *City of Keller v Wilson,* 168 S.W.3d 802, 814-17 (Tex. 2005). When conducting a legal-sufficiency review, the appellate court must view the evidence in the light most favorable to the trial court's findings, crediting favorable evidence if the reasonable fact-finder could, and disregarding contrary evidence unless the reasonable fact-finder could not. *Id.* at 807. Moreover, the court must indulge every reasonable inference that would support the trial court's findings. *Id.* at 822.

When a party challenges the factual sufficiency of the evidence supporting an adverse finding on an issue on which it had the burden of proof, the appealing party must demonstrate that the finding, or non-finding, is against the great weight and preponderance of the evidence. *Dow Chem. Co.,* 46 S.W.3d at 241-42. The appellate court must consider and weigh all of the evidence

6

and may set aside the finding only if the evidence is so weak or the finding so against the weight and preponderance of the evidence that it is clearly wrong and unjust. *Id.*

A trial court's findings of fact in a bench trial serve the same function as a jury's answers to issues and are governed by the same standards for sufficiency review. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex. 1994). A trial court's conclusion of law is not controlling, and an appellate court may treat the conclusion as a finding of fact if it serves that purpose. *See Ray v. Farmers' State Bank*, 576 S.W.2d 607, 608 (Tex. 1979).

### *Easement by Necessity*

A party seeking to establish an easement by necessity has the burden of proving all the facts necessary to establish the right. To establish an implied easement by necessity, the proponent must prove (1) unity of ownership of the dominant and servient estates prior to separation; (2) access must be a necessity and not merely a convenience; and (3) the necessity must have existed at the time of severance of the two estates. *Koonce v. Brite Estate*, 663 S.W.2d 451, 452 (Tex. 1984); *Duff v. Matthews*, 311 S.W.2d 637, 641 (Tex. 1958). As the party asserting an implied easement by necessity across the Schneider tract, Phillips had the burden of proving all the facts necessary to establish that she was entitled to a way of necessity across that tract.

## DISCUSSION

An implied easement may arise out of necessity in the context of a conveyance that severs ownership of two estates in real property. Where the right to use one estate is considered especially critical to the use or enjoyment of the other estate, the law may imply an easement in favor

7

of the second estate, in derogation of the terms of the written conveying instrument, in the view that the parties must have intended to include such a term in the deed. *See Mitchell v. Castellaw,* 246 S.W.2d 163, 167-68 (Tex. 1952). "Where the owner of a single area of land conveys away part of it, the circumstances attending the conveyance may themselves, without aid of language in the deed, and indeed sometimes in spite of such language, cause an easement to arise as between the two parcels thus created—not only in favor of the parcel granted ('implied grant') but also in favor of the one remaining in the ownership of the grantor ('implied reservation')." *Id.* at 167. The easement necessarily can arise only from an implied grant or an implied reservation in the conveying instrument. *Othen v. Rosier*, 226 S.W.2d 622, 626 (Tex. 1950).

When a grantor conveys land that is surrounded by other lands belonging to the grantor or to the grantor and other persons, an easement by necessity arises from the presumption that the grantor intended to grant a roadway to enable the grantee to access the property so as to have full enjoyment of the property conveyed. The failure to grant an easement is presumed to be an oversight and will be implied in the grant. *Machala v. Weems*, 56 S.W.3d 748, 755 (Tex. App.—Texarkana 2001, no pet.); *Grobe v. Ottmers*, 224 S.W.2d 487, 488-89 (Tex. Civ. App.—San Antonio 1949, writ ref'd n.r.e.). Once an easement by necessity arises, it continues until the necessity terminates. *Bains v. Parker*, 182 S.W.2d 397, 399 (Tex. 1944); *Crone v Brumley*, 219 S.W.3d 65, 68 (Tex. App.—San Antonio 2006, pet. denied) (1920 severance created in grantee implied easement by necessity north across grantor; unwritten easement impliedly transferred to successive owners, defeating later effort by them to establish necessity for easement south). The burden is on the party claiming an easement across another person's land to prove all of the facts

8

necessary to establish the easement. *Bains*, 182 S.W.2d at 399. A party seeking to establish an easement by necessity across another tract must prove that she has no legal access to her property except the way claimed. *Duff*, 311 S.W.2d at 640. Legal access includes an implied easement by necessity. *Bains,* 182 S.W.2d at 399; *Crone*, 219 S.W.3d at 69.

The existence of an easement by necessity may be inferred from evidence of an agreement among landowners at the time of the severance. In keeping with the provisions of the implied nature of the grant, one can show that there was an oral agreement among the parties at the time of the conveyance as to the easement and its location, and such an agreement does not have to be in writing. *Grobe*, 224 S.W.2d at 489. The location of the way of access can first be located by the grantor and, if not, then by the grantee. The location of such way of necessity may be made by a separate oral agreement of the parties at the time of the conveyance, and may also be established by the acquiescence of the parties to the transaction. *Id*.

Phillips was required to prove that the two tracts owned by Phillips and Schneider enjoyed prior unity of ownership, that Phillips's claim for access across the Schneider tract was a necessity and not merely a convenience, and that this necessity to cross that tract arose at the time of the partition of the two estates; therefore, an implied grant of an easement by necessity from the grantors to Phillips across Schneider's tract should be implied in the conveyance to Phillips. Rights claimed in derogation of warranties are implied with great caution and, therefore, must be made clearly to appear. *Duff*, 311 S.W.2d at 641. Phillips had the burden to exclude that she had any other way of ingress and egress other than the way she now claims. *Id.* If Phillips had any right to pass over any of her surrounding tracts at the time of the partition, whether by prescription, necessity, or

9

otherwise, other than by a mere license, she cannot show that there was an easement across the Schneider tract conveyed to her by implication in her deed. *Bains*, 182 S.W.2d at 399. The inquiry is not governed by the situation existing at the time of trial but instead concerns whether, at the time of the partition in 1975, Phillips or her co-owners had any right to pass over a surrounding tract, "whether by prescription, *necessity,* or otherwise." *Id.* (emphasis added).

Appellant first asserts that the evidence shows that the Schneider tract and the Phillips tract enjoy prior unity of ownership. Although the trial court made no such explicit finding, the evidence was undisputed that the Winkler, Schneider, and Phillips tracts were created by the same partition deed.

Appellant next faults the trial court for failing to find that her need for an easement to access her property is a necessity, because the undisputed evidence conclusively establishes that her tract is "landlocked." This fact, too, is undisputed. Phillips further contends that she has no legal right of access and has never had a legal right of access; therefore, Phillips further asserts that her need for an easement clearly arose at the time of the partition. *Id.*; *Crone*, 219 S.W.3d at 68. She asserts that she and her siblings have only been able to access their property by permission over the years. In fact, Appellant presented little or no evidence as to how her siblings have accessed the tract during the thirty plus years since the partition.

An action to establish an easement by necessity does not exist in a vacuum. The facts to be proven must be shown as against the named defendant or defendants as of the time of the severance. Phillips chose to institute her action only against Schneider. Thus, while her land may

be landlocked, the trial court determined that she failed to show that access across the Schneider tract was a necessity that arose at the time of the family partition.

The evidence suggests that at the time of the partition, the parties may have agreed for Phillips and her siblings to access their tract by crossing the Winkler tract, and, apparently, they did so for some time. The court's findings all point to the Winkler tract as the one which the parties intended to be burdened by this easement, even though no terms were ever reduced to writing. It was admitted that no one ever crossed the Schneider tract for this purpose, and there was no evidence that the need to cross that tract arose at the time of the partition. In fact, the evidence shows that even Schneider could not access Winkler Park Road from her tract and no drive to it existed until several years after the partition when Schneider bulldozed the large hill blocking her way and built a drive. Phillips testified that she finds a route across the Schneider tract to make more sense to her, to be simpler, shorter, and, in effect, more convenient, than access across the Winkler tract. But these opinions at trial shed no light on the facts, circumstances or agreements at the time of partition.

In seeking access across the Schneider tract, Phillips in effect was asking the trial court to rule that an easement by necessity across that tract was implied in the partition deed under which she acquired her property. The trial court failed to find that the evidence supported this assertion. Although Phillips has nothing in writing granting her legal access to her property, nothing in the partition deed, in the facts surrounding the partition, or in the conduct of the family members at the time of or since the partition suggest that a route across the Schneider tract arose out of necessity at the time of the deed.

11

Schneider contends that, even if Phillips demonstrated a need for an easement, any easement could just as likely affix to the Winkler property as to hers. Phillips responds that, by this argument, she could never establish her right to an easement, because one landowner could always argue that the easement should attach to another landowner. By the same logic, however, if the proponent asserts her need for an easement against only one neighbor when there exist others in the same position, the proponent has preempted the right to determine which property must be subjected to this burden.

Phillips concedes that it is equally possible for an easement to lie across either the Winkler or Schneider tracts. She asked the trial court to make supplemental findings that the easement should be located on the Winkler tract if not on the Schneider tract. If she failed to prove that the easement should be located across the Schneider tract, she argues, the trial court should have found that she is entitled to an easement across the Winkler tract or, at the least, the cause should be remanded for this determination. The trial court made no such finding, and this was not an issue to be adjudicated in this proceeding. Winkler is not a party who could be bound by this judgment, because Phillips had dismissed pleadings for this relief.

Appellant had the burden to prove not only that she had no legal right to access her land, but that it was necessary that she access her land by crossing the Schneider tract, and that this necessity to cross the Schneider tract arose at the time of the partition and should be implied in her deed. Even assuming she proved that a necessity existed, as Phillips alleged, she failed to prove that the easement must cross the Schneider tract.

12

The evidence does not conclusively establish that Phillips is entitled to an implied easement by necessity across the Schneider tract. Further, the evidence is not factually insufficient to support the trial court's failure to find that Phillips established such a right.

**CONCLUSION**

Because we hold that the evidence is legally and factually sufficient to support the trial court's findings and judgment, we overrule Appellant's appellate issues and affirm the judgment.

_____

Marilyn Aboussie, Justice

Before Chief Justice Jones, Justices Pemberton and Aboussie*

Affirmed

Filed:   July 26, 2013

* Before Marilyn Aboussie, Chief Justice (retired), Third Court of Appeals, sitting by assignment.
    *See* Tex. Gov't Code Ann. § 74.003(b) (West 2005).